IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

===========================  :
POINT BRIDGE CAPITAL, LLC,   :
HAL LAMBERT,                 :
    Plaintiffs,             :   Case No. 4:24-cv-00988-P
                             :
                             :
  — *versus* —              :   Hon. Mark Pittman
                             :   U.S. District Judge
                             :
CHARLES JOHNSON,             :
    Defendant.              :
===========================  :


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION**

**TO DISMISS THE COMPLAINT, FOR CHANGE OF VENUE, AND**

**TRANSFER TO THE EASTERN DISTRICT OF VIRGINIA**

Bernard V. Kleinman, Esq. (NY 1380989)
Law Office of Bernard V. Kleinman, PLLC
Attorney for Defendant CHARLES JOHNSON
108 Village Square
Suite 313
Somers, NY 10589-2305
Tel. (914) 644-6660
Fax: (914) 694-1647
Email: *attrnylwyr@yahoo.com*

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................. 2

**INTRODUCTION & BACKGROUND**…............................................................................ 4

**ARGUMENTS**

      **I. This Court lacks personal jurisdiction over Defendant.** .......................................... 8

      **II. This Court is an inappropriate venue for this dispute.** ..........................................13

**CONCLUSION** ....................................................................................................................16

**CERTIFICATE OF CONFERENCE**...................................................................................17

**CERTIFICATE OF SERVICE**..............................................................................................18

## **TABLE OF AUTHORITIES**

<u>CASES</u>

*Alliantgroup, LP v. Feingold*, 2012 U.S. Dist. LEXIS 139361 (S.D. Tex. 2012) ............... 12

*Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233 (5th Cir. 2009) ............................... 14

*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987) ............................... 9

*Atlantic Marine Constr. Co. v. U.S. Dist. Court for the
 Western Dist. of Tex.*, 571 U.S. 49 (2013) ............................... 14

*Beasley v. Greenlee,* 2024 U.S. Dist. LEXIS 147596 (N.D. Tex. 2024) ............................... 7

*Bequest Funds, LLC v. Magnolia Financial Group, LLC*,
 2024 U.S. Dist. LEXIS 212864 (N.D. Tex. 2024) ............................... 10

*Binion v. O'Neal*, 95 F. Supp.3d 1055 (E.D. Mich. 2015) ............................... 11

*Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255 (2017) ............................... 10

*Bulkley & Assocs., LLC v. Dep't of Industrial Relations*, 1 F.4th 346 (5th Cir. 2021) ............ 12

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ............................... 9

*Calder v. Jones*, 465 U.S. 783 (1984) ............................... 12

*Clemens v. McNamee*, 615 F.3d 374 (5th Cir. 2010) ............................... 9

*Companion Property & Casualty Ins. v. Palermo*, 723 F.3d 557 (5th Cir. 2013) ............... 9

*Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240 (5th Cir. 2020) ............................... 8

*D.J., Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*,
 754 F.2d 542 (5th Cir. 1985) ............................... 8

*Doe v. Salesforce, Inc.*, 2024 U.S. Dist. LEXIS 55995 (N.D. Tex. 2024) ............................... 9

*Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419 (5th Cir. 2005) ............................... 12

*Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, — U.S. —,
 141 S. Ct. 1017 (2021) ............................... 9, 10

*Frank v. PNK (Lake Charles) L.L.C.*, 947 F.3d 331 (5th Cir. 2020) ............................... 9, 16

*Friends of the Earth, Inc. v. Laidlaw Environmental Svcs. (TOC), Inc.*,
 528 U.S. 167 (2000) ............................... 5

*Georgiou v. Battery Junction Corp.*, 646 F. Supp.3d 781 (N.D. Tex. 2022) ............................... 11

*Global Weather Productions, LLC v. Joe Pags Media, LLC*,
 2024 U.S. Dist. LEXIS 211844 (W.D. Tex. 2024) ............................... 9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S 915 (2011) ............................... 9

*Halcyon Biomedical, Inc. v. Glatt Air Techniques, Inc.*,
 2019 U.S. Dist. LEXIS 97020 (S.D. Tex. 2019) ............................... 15

[2]

*Ice Melon, LLC v. Morgan*, 2020 U.S. Dist. LEXIS 261478 (S.D. Tex. 2020) ...................15

*Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314 (5th Cir. 2021) ...................10

*Key v. Robertson*, 2008 U.S. Dist. LEXIS 13341 (S.D. Tex. 2008) ...................16

*Kuykendall v. Amazon Studios, LLC*, 2022 U.S. Dist. LEXIS 240966
    (S.D. Tex. 2022) ...................12

*Lane ex rel. Lane v. Halliburton*, 529 F.3d 548 (5th Cir. 2008) ...................14

*Lawson v. U.S. Dep't of Justice*, 527 F. Supp.3d 894 (N.D. Tex. 2021) ...................14

*Munz v. Schreiber*, 2019 Tex. App. LEXIS 3225 (Tex. Ct. App. 2019) ...................13

*Ouazzani-Chadhi v. Greenboro News & Record, Inc.*, 200 Fed. App'x 289
    (5th Cir. 2006) ...................12

*Pulley v. Ground Effects Landscaping*, 2019 U.S. Dist. LEXIS 105513
    (W.D. Tex. 2019) ...................13

*Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2002) ...................11, 12

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006) ...................10

*Texas Marine & Brokerage, Inc. v. Euton*, 120 F. Supp.2d 611 (E.D. Tex. 2000) ...................14

*Trump v. Twitter, Inc.*, 602 F. Supp.3d 1213 (N.D. Cal. 2022) ...................11

*USPlabs Jack3d, LLC v. MMRNV, LLC*, 2012 U.S. Dist. LEXIS 194699
    (N.D. Tex. 2012) ...................11

*Walden v. Fiore*, 571 U.S. 277 (2014) ...................10

*Warren Chevrolet, Inc. v. Qatato*, 2018 Tex. App. LEXIS 10735
    (Tex. Ct. App. 2018) ...................13

*WNS, Inc. v. Farrow*, 884 F.2d 200 (5th Cir. 1989) ...................8

<u>STATUTES/RULES</u>

18 U.S.C. § 1964 ...................7

28 U.S.C. § 1391 ...................13-16

28 U.S.C. § 1404(a) ...................15-16

F.R.Civ.P. Rule 12(b) ................... *passim*

Tex. Civ. Prac. & Rem. Code § 17.042 ...................9, 13

## INTRODUCTION & BACKGROUND[1]

This Court lacks personal jurisdiction over Defendant CHARLES JOHNSON ("Johnson", "Defendant"), a Reston, Virginia resident, with absolutely no personal or business ties to, not only the Northern District of Texas, but also, the State of Texas. See Johnson Decl. at ¶ 4.

The Plaintiffs have sued based upon three distinct theories: (a) that Mr. Johnson has libeled Plaintiff Hal Lambert (see Amended Complaint, ECF No. 4, ¶¶ 258 thru 269), (b) that the Defendant (along with a second party, Gator Greenwill) has engaged in fraud and deception, and is subject to suit under the Civil RICO statute (see Amended Complaint, ECF No. 4, ¶¶ 219 thru 249), and (c) breach of contract (see Amended Complaint, ECF No. 4, ¶¶ 250 thru 257).

The bases for the Causes of Action as to the libel and the breach of contract, all relate to alleged published statements as distributed on various social media sites. See Amended Complaint, ECF No. 4, ¶¶ 259, 254, respectively.

However, as discussed *infra*, it is blackletter law that a statement made on a passive website — one that just posts information that anyone and everyone can see — cannot support specific jurisdiction in Texas simply because readers in Texas could access the statement as easily as readers in other states. And, this is all that the Plaintiffs, as related to the libel and breach of contract causes of action allege — that it has somehow, in an entirely undefined manner, suffered some injury. Indeed, the Plaintiff Lambert, does not even allege that he has suffered an injury. Rather he merely states that "is <u>likely</u> to suffer harm", not that he has, in fact suffered any harm. See Amended Complaint, ECF No. 4, ¶ 21. Emphasis added. To satisfy the requirement that a Court may redress some wrong, a plaintiff must show that "it is likely, as opposed to merely speculative,

---

[1] Pursuant to L.Civ.R. 7.1(b), Movant has conferred with counsel for the Plaintiffs, and they stated that they oppose the Motion to Dismiss and the Motion for Change of Venue. See Certificate of Conference, at p. 18, *infra*.

that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Environmental Svces. (TOC), Inc.*, 528 U.S. 167, 181 (2000).

As to the breach of contract Cause of Action, the allegation is made that

> Johnson "agreed not to disclose or use any of the information provided in connection with the fund except for the purpose of evaluating an investment in the fund," and he further "agree[d] not to distribute that information to any other person or entity."

See Amended Complaint, ECF No. 4, ¶ 252.

And, then a list of alleged violations of the contract is set forth. See Amended Complaint, ECF No. 4, ¶ 254.

Yet, not only are these "violations" set forth, and are merely conclusory in nature, but the Plaintiff has failed to even described how it has been injured by these alleged breaches of the contract.

The Plaintiffs cannot allege a single fact supporting jurisdiction over the Defendant. The Plaintiffs do not does not allege that Mr. Johnson resides in Texas. Indeed, they acknowledge that his residence is in Reston, Virginia. See Amended Complaint, ECF No. 4, ¶ 20. At no time do the Plaintiffs state that Mr. Johnson had a business location in Texas, an office, operated some sort of firm, or was otherwise living, resided in, or had a home (even a temporary one) in Texas. See Johnson Decl. at ¶¶ 4, 5.

At no time do the Plaintiffs state that Mr. Johnson directed any statement toward a Texas audience, used Texas sources in drafting any statement, or even mentioned Texas in any statement. See Johnson Decl. at ¶ 9.

Effectively, the Plaintiffs have failed to carry its burden to show personal jurisdiction over the Defendant.

For these same reasons, venue is also improper in this Court. Plaintiffs may sue a defendant only in courts where the basic constitutional requirements for personal jurisdiction and the limitations imposed by the federal venue statutes are met. These include, at a bare minimum, adequate contacts with the forum for the defendant to reasonably anticipate being hauled into court there. This case does not even come close to clearing that threshold.

Mr. Johnson, as set forth above, is neither a resident of, nor based in, nor has any business affiliations in the State of Texas. See Johnson Decl. at ¶ 6. And, in fact, the Plaintiffs have failed to even allege any. The Plaintiffs have thus thus failed to provide any convincing justification for litigating this dispute in Texas. On this basis alone, this Court should dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3).

As to the RICO claim, this is, again, totally dependent upon all but non-existent contacts with the State of Texas. The Plaintiffs allege (which the Defendant denies) one single meeting that took place in Ft. Worth. See Amended Complaint, ECF No. 4, ¶ 137. No date is given for this alleged meeting, merely "During this timeframe, . . ." *Ibid*. Precisely how "timeframe" is defined is never described. Further, all that is alleged is that "Johnson and Greenwill pitched that Greenwill could be helpful in government contracts . . ." As to how this relates to the RICO claim is totally unexplained. See Johnson Decl. at ¶¶ 10, 11, where he denies, under oath, these allegations of a face-to-face meeting in Ft. Worth.

Beyond this is the fact that all other contacts related to this endeavor were by email. *See, e.g.*, Amended Complaint, ECF No. 4, ¶¶ 115, 117, 126, 148, 155, 190-191. As set forth below, these email communications are inadequate to satisfy the requirements of *in personam* jurisdiction, and merit a change of venue to the Defendant's State and District of residence.

[6]

Beyond this, of course, is that the Plaintiffs have filed to set forth how these alleged RICO violations have caused them harm. The only harm set forth is as follows,

> Plaintiffs were directly injured and suffered damages to their business and property as a result of the predicate acts Johnson committed, including, among other things, legal fees, harm to business relationships, monetary losses, and damage to reputation and goodwill.

See Amended Complaint at ¶ 229.

This wholly conclusory statement of injury is insufficient to satisfy the requirement that "the Supreme Court has long interpreted section 1964(c) to require a plaintiff to 'show that a RICO predicate offense not only was a but-for-cause of his injury, but was the proximate cause as well.' *Id*. '[W]hen a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries.'" *Beasley v. Greenlee,* 2024 U.S. Dist. LEXIS 147596 at *12-*13 (N.D. Tex. 2024).

Indeed, of the 218 paragraphs of the Amended Complaint that allegedly set forth the bases for this action, the vast majority are totally unrelated to the case, and discuss issues of no relevance to the Defendant's relationship with either Point Bridge or Mr. Lambert. *See, e.g.*, Amended Complaint, ECF No. 4, ¶¶ 30 through 92, 103 through 135, 196 through 209 (composed of a litany of allegations and claims regarding Defendant Johnson, none of which establish any connection with the State of Texas). While the Plaintiffs reference a Texas statute that criminalizes a party who falsely impersonates a public official (see ¶ 58) nothing is contained in this lengthy screed that (a) Mr. Johnson did so, and (b) that he did so within the State of Texas. In fact, these 107 paragraphs would, based upon the logic of the Plaintiffs, make Mr. Johnson subject to jurisdiction and venue in any one of the fifty plus states and territories, or ninety-four U.S. District Courts. See also *id*. at ¶¶ 93 through 102, discussing Mr. Johnson's affiliation with his alleged co-conspirator, Gator Greenwill. However, as the Amended Complaint makes clear, Mr. Greenwill's

business affiliations are all located in Illinois, Oklahoma, Wisconsin and Kansas; not in Texas. See *id*. at ¶¶ 93, 94. In other words more than half of the "FACTS", are unrelated to the causes of action.

In short, the Plaintiffs' Amended Complaint fails in just about every way that a complaint can possibly fail — no jurisdiction; no venue. *See* Fed. R. Civ. P. 12(b)(2), (3). The Court should dismiss, and transfer the case to the Eastern District of Virginia.

## **ARGUMENTS**[2]

I. This Court Lacks *In Personam* Jurisdiction Over Defendant Johnson

When a nonresident Defendant files a motion to dismiss for lack of personal jurisdiction, the burden of proof is on the plaintiff as the party seeking to invoke the district court's jurisdiction. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989). Yet the burden is a low one, for "the party who bears the burden need only present a *prima facie* case for personal jurisdiction; proof by a preponderance of the evidence is not required." *D.J., Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc*., 754 F.2d 542, 545-46 (5th Cir. 1985). In addition, thereto, "on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Id*. at 546.

"A federal district court sitting in diversity may exercise personal jurisdiction over a [nonresident] defendant if (1) the long-arm statute of the forum state creates personal jurisdiction

---

[2] It should be noted that the fact that the Defendant has filed a Notice of Appearance and filed an Answer, does not preclude the within motion, nor does it constitute a waiver of jurisdictional defenses. In *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240 (5th Cir. 2020), the Court of appeals held that as long as a party has not waived *in personam* jurisdiction, under R. 12(h)(1), F.R.Civ.P., then it may serve as a basis for seeking relief. *Id*. at 249-50. In the case at Bar, not only has the Defendant set it forth as an Affirmative Defense in its Answer (see ECF No. 8, at p. 2), but it is asserted herein as a basis for dismissal.

over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). "Because Texas's long-arm statute [Tex. Civ. Prac. & Rem. Code § 17.042] reaches to the constitutional limits, the question [a federal court] must resolve is whether exercising personal jurisdiction over the defendant offends due process." *Id.*

The exercise of "[p]ersonal jurisdiction comports with due process when first, the defendant has the requisite minimum contacts with the forum state and second, requiring the defendant to submit to jurisdiction in the forum state would not infringe on 'traditional notions of fair play and substantial justice.'" *Companion Property & Casualty Ins. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013), quoting *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987). When a nonresident defendant "purposefully avail[s] [it]self of the benefits of the forum state, so that [it] 'should reasonably anticipate being hauled into court' there," the defendant's conduct establishes the requisite minimum contacts. *Id.* at 105. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Frank v. PNK (Lake Charles) L.L.C.*, 947 F.3d 331, 341 (5th Cir. 2020); *Doe v. Salesforce, Inc.*, 2024 U.S. Dist. LEXIS 55995 at *8 (N.D. Tex. 2024).

"There are two types of minimum contacts: contacts that give rise to specific personal jurisdiction and those that give rise to general jurisdiction." *Clemens, supra*, 615 F.3d at 378. See also *Global Weather Productions, LLC v. Joe Pags Media, LLC*, 2024 U.S. Dist. LEXIS 211844 at *5 (W.D. Tex. 2024).

In the context of general jurisdiction, due process is satisfied where a defendant is "essentially at home" in the forum state. *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, — U.S. —, 141 S. Ct. 1017, 1024 (2021) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S 915, 919 (2011)). That is plainly not the case here, and Plaintiffs do not allege otherwise; at no

[9]

time do they make this allegation, conceding Mr. Johnson's bare minimum – at best – contacts with the State of Texas.³  The Amended Complaint, actually, contains **only one paragraph**, out of almost three hundred, where he places Mr. Johnson, within this Court's jurisdiction, and, even then, the description is minimal, at best.

Specific jurisdiction is also lacking in this case.  Specific jurisdiction requires three conditions precedent to occur before it can be imposed.  *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).  First of all, there must be evidence that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities in the forum State."  *Ford, supra*, 141 S. Ct. at 1024.  In other words, the defendant's ties to the forum state, must be ties that "the defendant himself" purposefully forged.  *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  Secondly, the allegations of the plaintiffs "must arise out of or relate to" those purposeful contacts.  *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 264 (2017).  Indeed, a defendant may even have many meaningful ties to the forum, but, significantly, if they do not connect to the allegations of the plaintiffs, then they may not serve as a jurisdictional basis to hear the case.  Finally, there is an overarching standard of fairness and reasonableness, that the District Court must apply, in rendering its decision.  *Seiferth*, *supra*, 472 F.3d at 271.  See also *Bequest Funds, LLC v. Magnolia Financial Group, LLC*, 2024 U.S. Dist. LEXIS 212864 at *10-*11 (N.D. Tex. 2024).

The Plaintiffs do not plausibly allege these elements, nor can they. As case law from the Fifth Circuit, and this Honorable Court, make abundantly clear, a defendant does not purposefully avail itself of the forum state by posting information on a passive website that can be accessed from any

---

³ In *Ford*, *supra*, the Court gave the example of where an individual is domiciled and where a corporation has its place of incorporation or principal place of business.  *Id*. at 1024.  Plainly not the case here.

[10]

state. See *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 318 (5th Cir. 2021) ("If the site is passive—it just posts information that people can see — jurisdiction is unavailable, full stop."). In accord see *Georgiou v. Battery Junction Corp.*, 646 F. Supp. 3d 781, 789-90 (N.D. Tex. 2022).

Similarly, nor does a defendant engage in minimum contacts with the forum state when its comments are aimed nationwide (and published on a nationwide forum — such as X[4] or Substack[5] — not directed at the forum state as a focal point. *Revell v. Lidov*, 317 F.3d 467, 472-73 (5th Cir. 2002). See also *USPlabs Jack3d, LLC v. MMRNV, LLC*, 2012 U.S. Dist. LEXIS 194699 *3-*4 (N.D. Tex. 2012) (statements made over local radio in Nevada and republished to a nationwide audience online were not directed at Texas as a focal point; *id*. at *5-*7).

In the context of defamation, the Fifth Circuit has held that defamatory postings on an interactive website, that "the sources relied upon and activities described in an allegedly

---

[4] X has been described as follows,
> a social media website that allows users to post "Tweets," [referring to X's pre-Musk owned name as "Twitter"] which are described as "an expression of a moment or idea. It can contain text, photos, and videos. Millions of Tweets are shared in real time, every day." (The Story of a Tweet: What Is a Tweet, Twitter.com, https://about.twitter.com/what-is-twitter/story-of-a-tweet (last visited March 12, 2015)). As with Instagram, Twitter allows users to "share photos, in real time, with everyone or with the people [they] choose." (So Much More than Words, Twitter.com, https://about.twitter.com/products/photo-sharing (last visited March 12, 2015)). Twitter users can also "follow" other users, so that others' Tweets will appear in the user's Twitter feed. Finally, Twitter allows users to re-post or "Retweet" content from other users' Twitter feeds to be shared with their own followers. (The Story of a Tweet: What Is a Tweet, Twitter.com, https://about.twitter.com/what-is-twitter/story-of-a-tweet (last visited March 12, 2015)).

*Binion v. O'Neal*, 95 F. Supp.3d 1055, 1058 (E.D. Mich. 2015).
See also *Trump v. Twitter, Inc.*, 602 F. Supp.3d 1213 (N.D. Cal. 2022), where the Court commented (in a May 2022 decision) that "the company today hosts more than 500 million tweets posted daily by approximately 340 million users worldwide". *Id*. at 1217.

[5] According to Wikipedia®, Substack is "an American online platform that provides publishing, payment, analytics, and design infrastructure to support subscription newsletters." Further, "As of November 2021, the platform said it had more than 500,000 paying subscribers, representing over one million subscriptions." See https://en.wikipedia.org/wiki/Substack.

defamatory publication should in some way connect with the forum if *Calder* is to be invoked." *Revell*, *supra*, 317 F.3d at 474, referring to *Calder v. Jones*, 465 U.S. 783 (1984). In accord see *Clemens, supra*, 615 F.3d at 380 ("We read *Calder* as requiring the plaintiff seeking to assert specific personal jurisdiction over a defendant in a defamation case to show '(1) the subject matter of and (2) the sources relied upon for the article were in the forum state.'"), quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 426 (5th Cir. 2005)). Indeed, the alleged defamatory material must be directed at a Texas audience as opposed to simply being made available to Texas residents in the same way as anyone else with internet access. *Revell, supra*, 317 F.3d at 474-75. See also *Alliantgroup, LP v. Feingold*, 2012 U.S. Dist. LEXIS 139361 at *9 (S.D. Tex. 2012).

In accord see *Ouazzani-Chadhi v. Greenboro News & Record, Inc*., 200 Fed. App'x 289, 291-93 (5th Cir. 2006); *Kuykendall v. Amazon Studios, LLC*, 2022 U.S. Dist. LEXIS 240966 (S.D. Tex. 2022) (the court stated, in discussing the two-prong test of *Revell, et al*., "the Fifth Circuit requires that <u>both prongs be satisfied to establish personal jurisdiction</u> under *Calder*. *Id*. at *10-*11. Emphasis added.).

Clearly, that is not the case with Mr. Johnson's alleged postings on X and Substack. Hence, in personam jurisdiction has not been established by these alleged actions.

As referenced above, much of the basis for asserting jurisdiction, on the Plaintiffs' part, were the emails allegedly sent by Mr. Johnson to Mr. Lambert, and others. *See, e.g.*, Amended Complaint, ECF No. 4, ¶¶ 115, 117, 126, 148, 155, 190-191. However, email communication is inadequate to establish a viable nexus between the parties for *in personam* jurisdictional purposes.

As one Court has observed, "sending a cease-and-desist letter to a Texas business does not, by itself, establish minimum contacts with Texas, even if the letter focuses on the business's activities

[12]

inside Texas". *Bulkley & Assocs., LLC v. Dep't of Industrial Relations*, 1 F.4th 346, 353 (5th Cir. 2021) (denying juris. under Texas long arm statute). Footnote omitted.

And, the same reasoning and logic applies to email correspondence. *See, e.g.*, *Pulley v. Ground Effects Landscaping*, 2019 U.S. Dist. LEXIS 105513 (W.D. Tex. 2019) (where the Court found that, where defendant's exclusive contact with a Texas a party was by email, this was insufficient to establish jurisdiction over the defendant. *Id*. at *12-*13, *18-*19); *Munz v. Schreiber*, 2019 Tex. App. LEXIS 3225 at *26-*27 (Tex. Ct. App. 2019) (applying Texas long-arm statute, §17.042, Court finds insufficient nexus with Texas, where contact was based upon email correspondence); *Warren Chevrolet, Inc. v. Qatato*, 2018 Tex. App. LEXIS 10735 at *13 (Tex. Ct. App. 2018) (same). See Johnson Decl. at ¶ 8, where he states, "The numerous emails, referenced in the Amended Complaint, . . ., were all composed and sent while I was other than in the State of Texas."

Thus, the allegation of contact by email is, similarly, inadequate to support a finding that this court has *in personam* jurisdiction over Mr. Johnson.

The Court should, hence, dismiss the case under Rule 12(b)(2).

II. Change of Venue and Transfer to the Eastern District of Virginia is Appropriate Here

A defendant may move to dismiss or transfer an action for improper venue. F.R.Civ.P. Rule 12(b)(3). Civil actions may be brought in a judicial district where a defendant resides, if all defendants reside in the same state; a district where a substantial part of the events or omissions giving rise to the claim occurred; or, if there is no district where an action may be brought, any judicial district where the defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). Unless provided for by another statute, venue is governed by the general venue statute. 28 U.S.C. § 1391(a). As per Section 1391, venue is proper in "a judicial district in which a substantial part of

[13]

the events or omissions giving rise to the claim occurred." *Id*. at § 1391(b)(2). If venue is proper in the district where the plaintiff has filed and served its Complaint, then, even if there is a venue where more, or even the most, substantial activities took place, the plaintiff's chosen venue does not necessarily become improper. *Texas Marine & Brokerage, Inc. v. Euton*, 120 F. Supp.2d 611, 612 (E.D. Tex. 2000).

In rendering a determination on proper venue, a court "must accept as true all well-pleaded allegations in the complaint and resolve all conflicts in the plaintiff's favor," and, in doing so, is "permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Lawson v. U.S. Dep't of Justice*, 527 F. Supp.3d 894, 896 (N.D. Tex. 2021), quoting *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). In determining whether venue is proper, the Court may examine additional evidence beyond the complaint. Furthermore, "the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane ex rel. Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

The court, when ruling on a change of venue motion, must determine "whether the case falls within one of the three categories set out in § 1391(b)". *Ambraco, supra*, 570 F.3d at 238, citing to *Atlantic Marine Constr. Co. v. U.S. Dist. Court for the Western Dist. of Tex.*, 571 U.S. 49, 56 (2013). Those three categories are:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

If it does, then venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred. *Atlantic Marine, supra*, 571 U.S. at 56.

In accord see *Halcyon Biomedical, Inc. v. Glatt Air Techniques, Inc.*, 2019 U.S. Dist. LEXIS 97020 at *18-*19 (S.D. Tex. 2019).

And, when a case is filed in a division or district of improper venue, the district court may either dismiss the case or transfer it to any district or division of proper venue, as per 28 U.S.C. § 1404(a).

In the case at Bar, the only category applicable is where "a substantial part of the events or omissions giving rise to the claim occurred". As set forth above, however, there was only one physical meeting between the parties, at least in so far as the Plaintiffs claim in their Amended Complaint (see Amended Complaint at ¶ 137). And, this meeting is disputed by the Defendant. See Johnson Decl. at ¶¶ 10-11. All of the other contacts, giving rise to the causes of action (breach of contract, defamation and RICO violation) occurred outside the state of Texas, and, originated, at best, where the Defendant resides — the Eastern District of Virginia.

Instructive is the decision in *Ice Melon, LLC v. Morgan*, 2020 U.S. Dist. LEXIS 261478 (S.D. Tex. 2020). There, the Plaintiff argued the following events establish personal jurisdiction over the Defendant, Morgan,

> (1) Morgan emailed Mireles a Light Rx brochure containing multiple misrepresentations of the brand's financial projections, which Mireles opened while in Texas; (2) Morgan's attorney emailed Mireles false financial statements, which Mireles opened in Texas; (3) Morgan sent Mireles various other emails that failed to disclose the financial crisis of Light Rx and Body Contour Ventures, which Mireles opened in Texas; (4) Morgan directed Mireles to wire the $250,000 investment from Woodforest Bank in The Woodlands, Texas to Body Contour Ventures in Michigan; (5) Morgan arranged for Mireles to visit a Light Rx facility in Texas to convince Mireles to invest; (6) Morgan attended the opening of the Light Rx facility in The Woodlands on May 17, 2018; (7) Morgan must have made other trips to Texas, given there are other Light Rx facilities in Texas; and (8) there is an unrelated case against Morgan in Texas state court.

*Id*. at *3-*4.

Nevertheless, the District Court found insufficient nexus to Texas, and granted the motion for a change in venue, *viz*.,

> The case's connections to Texas are minimal. The crux of Plaintiff's complaint is that Morgan, a citizen of Michigan, misled Mireles, a citizen of Mexico, into investing $250,000 in a cosmetic clinic to be opened in California. While communications directed to Texas can serve as the basis for proper venue, . . . it cannot be said that Morgan's emails were directed to Texas.

*Id*. at *12-*13.

See also *Key v. Robertson*, 2008 U.S. Dist. LEXIS 13341 at *2 (S.D. Tex. 2008) (finding letters and phone calls containing misrepresentations to plaintiff in Texas did not establish proper venue under § 1391(b)).

Applying this same legal rational to the facts at Bar, must result in a granting of the motion, pursuant to Rule 12(b)(3), and a transfer to the Eastern District of Virginia. See generally *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895-96 (5th Cir. 2022); *Frank v. PNK (Lake Charles), L.L.C., supra*, 947 F.3d at 336-38 (Court of Appeals affirms lower court's order transferring case, pursuant to Section 1404(a), to Eastern District of Louisiana, after finding of lack of *in personam* jurisdiction).

## **CONCLUSION**

There are several independently sufficient reasons to dismiss Plaintiffs' Amended Complaint. First of all, as set forth above, this Court lacks both specific and general jurisdiction over the Defendant, Mr. Johnson, because the statements at issue were posted on a passive website, were not at all directed toward Texas, and did not involve Texas in any way. Secondly, exercising jurisdiction under these circumstances would be fundamentally unfair to the Defendant, who lacked any indication that they could be amenable to suit in Texas for posting comments on an

[16]

internationally available websites such as X and Substack. Thirdly, even if this Court had jurisdiction to hear this case, venue is plainly lacking.

For any and all of these reasons, this Court should dismiss Plaintiffs' complaint, and transfer the matter to the Eastern District of Virginia.

Dated: 13 December 2024
      Somers, NY

                                          Respectfully submitted,

                                          /s/ *Bernard V. Kleinman*
                                          Bernard V. Kleinman, Esq.
                                          Law Office of Bernard V. Kleinman, PLLC
                                          Attorney for Defendant CHARLES JOHNSON
                                          108 Village Square
                                          Suite 313
                                          Somers, NY 10589-2305
                                          Tel. (914) 644-6660
                                          Fax: (914) 694-1647
                                          Email: *attrnylwyr@yahoo.com*

## CERTIFICATE OF CONFERENCE

Pursuant to L.Civ.R. 7.1(b), on or about December 11, 2024, I notified Counsel for the Plaintiffs of Defendant's plan to file the within Motion for Dismissal and Change of Venue. Counsel for the Plaintiffs responded that they would oppose the motion.

/s/ *Bernard V. Kleinman*
Bernard V. Kleinman, Esq.
Law Office of Bernard V. Kleinman, PLLC
Attorney for Defendant CHARLES JOHNSON

## CERTIFICATE OF SERVICE

On December 13, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Bernard V. Kleinman*
Bernard V. Kleinman, Esq.
Law Office of Bernard V. Kleinman, PLLC
Attorney for Defendant CHARLES JOHNSON