IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Point Bridge Capital, LLC, | § | |
| Hal Lambert | § | |
| | § | Case No. 4:24-cv-00988-P |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| Charles Johnson, | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFFS' JUNE 13, 2025 NOTICE OF DEFENDANT CHARLES JOHNSON'S CONTINUED NON-COMPLIANCE WITH THE COURT'S ORDERS AND REQUEST FOR FURTHER RELIEF TO COMPEL JOHNSON'S COMPLIANCE**

Plaintiffs Point Bridge Capital, LLC and Hal Lambert ("Plaintiffs") respectfully submit this Notice of Charles Johnson's Continued Non-Compliance with the Court's Orders and Request for Further Relief to Compel Johnson's Compliance.

**INTRODUCTION**

Despite the Court's clear directives in its May 8, 2025 (ECF No. 52) and June 5, 2025 (ECF No. 61) Orders—and the unambiguous instructions it delivered to Johnson during multiple hearings—he has not taken a single step toward compliance. Since the entry of the June 5th Order, Plaintiffs have sent Johnson six separate emails, each one professional, specific, and accommodating.

Plaintiffs gave Johnson everything he needed to comply. They proposed vendors, attached supporting documents, explained the process clearly, and offered to confer. Johnson refused to engage. He would not even provide the most basic detail: his location. Without it, the vendor cannot collect his devices, and the process cannot move forward. This request does not require legal training or out-of-pocket costs. It requires typing the name of a city. Johnson chose silence

1

instead. On the litigation front, his strategy, to the extent one exists, appears to be non-engagement at all costs.

Nor can Johnson excuse his conduct by pointing to financial hardship. The Court has ordered him to pay for the vendor, and that obligation stands. But none of the obligations Johnson has ignored require him to spend a single dollar. Plaintiffs have asked him only to answer emails, confirm where he is, and surrender his devices. These are basic, no-cost steps—well within the capacity of any litigant.

Finally, while Johnson has utterly refused to engage with Plaintiffs or comply with his discovery obligations, he has remained active in promoting his own narrative on social media. Johnson has continued to post publicly about this litigation—even after the most-recent hearing. On June 11, 2025, he shared an article describing him as a powerful, covert figure poised to win this case. Johnson accompanied the post with a sunglasses emoji—😎—signaling defiance and control. That same day, he responded to a tweet about the Court's June 5th Order warning of potential arrest with a cryptic, self-styled message of resistance: "How many things are not as people say they are." These are not the actions of a party confused about his obligations—they are the choices of someone deliberately ignoring the Court while performing victimhood and defiance for an online audience. Johnson isn't unable to comply. He's unwilling.

## DISCUSSION

**I.   Johnson's refusal to conduct discovery persists, even after two court orders and Plaintiffs' repeated outreach.**

   **A.   The Court ordered Johnson to surrender his devices, search his accounts, and supplement his written discovery.**

The Court has twice made Johnson's discovery obligations unmistakably clear.

On May 8, 2025, the Court granted in part Plaintiffs' motion to compel and ordered Johnson to produce documents from specific email accounts, messaging platforms, and social media platforms. (*See* ECF No. 52). The Court required Johnson to re-activate his X account, run agreed-upon search terms, and produce all responsive documents in usable format with metadata intact. He was also ordered to supplement his written discovery responses and to pay the costs of collection and production.

When Johnson failed to comply, the Court issued a second order on June 5, 2025. (ECF No. 61). That order gave Johnson until Thursday, June 12, 2025, to surrender his devices and accounts to a neutral vendor, ten days to supplement his written discovery responses, and warned that failure to comply could result in his arrest for contempt.

One key deadline—Johnson's duty to "surrender" his devices—has come and gone without Johnson making any attempt to comply.

   **B.   Plaintiffs' Repeated, Unanswered Efforts to Secure Johnson's Compliance**

What follows is a record of Plaintiffs' efforts—six separate emails over four days—to secure even basic cooperation from Johnson, and his continued refusal to engage

- **June 9, 2025**
   - Plaintiffs remind Johnson of his discovery obligations by quoting from the Court's June 5th order.
   - Plaintiffs update Johnson on the vendor-selection process.

3

- o  Plaintiffs ask Johnson to identify where he will be located in order to facilitate the surrender of his devices.

- o  Plaintiffs invite Johnson to confer if he had "any questions about this process."

(Ex. A, June 9, 2025 Email from W. Thompson to C. Johnson, Appx. 005.)

*Johnson did not respond.*

➢ **June 10, 2025**
  - o  Plaintiffs provide Johnson with the transcript of the June 5, 2025 hearing

(Ex. B, June 10, 2025 Email from W. Thompson to C. Johnson, Appx. 007.)

*Johnson did not respond*

➢ **June 10, 2025**
  - o  Plaintiffs "update [Johnson] on the status of the proposed vendors for the device and account collection and subsequent production."

  - o  Plaintiffs identify two potential vendors and provide Johnson with links to learn about the companies.

  - o  Plaintiffs noted that if Johnson had "any proposed vendors, the plaintiffs would of course consider them in good faith."

  - o  Plaintiffs offered to discuss any questions that Johnson had about the process.

(Ex. C, June 10, 2025 Email from W. Thompson to C. Johnson, Appx. 011).

*Johnson did not respond.*

➢ **June 11, 2025:**
  - o  With the compliance deadline one day away, Plaintiffs followed up and again asked Johnson to identify his location:
    - ▪ "Where will you be tomorrow and Friday? I have previously asked you for your location, but you have not responded." (emphasis removed)
    - ▪ "The collection, and compliance with the Court's order, can't be accomplished if you will not identify where you are located in order to surrender your devices."

(Ex. D, June 11, 2025 Email from W. Thompson to C. Johnson, Appx. 014.)

4

*Johnson did not respond.*

- **June 11, 2025**
    - Plaintiffs sent a follow-up email identifying their preferred discovery vendor, requested his cooperation, and noted that his continued refusal to cooperate would necessitate the Plaintiffs seeking further relief from the Court:

        - "Please confirm: Do you agree to have Innovative Driven serve as the neutral third-party vendor for purposes of effectuating the Court's June 5 Order?"

        - "Additionally, I have repeatedly asked you to provide your current location . . . You have not responded."

        - "You are under a court-ordered obligation to comply, and further delay or non-responsiveness will compel the plaintiffs to notify the court and request further relief. If you want to talk about this further, please propose a time and the specific points you want to address."

    (Ex. E, June 11, 2025 Email from W. Thompson to C. Johnson, Appx. 017.)

*Johnson did not respond.*

- **June 12, 2025**
    - On the final day for compliance, Plaintiffs sent a last follow-up and attached the Court's Order to Show Cause:

        - "Again, where are you located in order to effectuate the surrender of your devices and account information?"

        - "Are you going to respond in any way?"

        - "There is a hearing next Wed. at 2pm—are you attending."

(Ex. F, June 12, 2025, Email from W. Thompson to C. Johnson, (numbering omitted), Appx. 020.)

*Johnson did not respond.*

**II.     Johnson Refuses to Engage with Plaintiffs, But Continues to Engage Online**

While Johnson has ignored every effort by Plaintiffs to secure his compliance—or even a basic discussion—he has remained active in discussing this litigation on social media, specifically Substack.

5

On this past Wednesday, June 11, 2025—while he was ignoring Plaintiffs' communications—Johnson posted a Substack "note" containing only a sunglasses emoji ("😎")[1] and a link to a Substack article authored by an anonymous blogger, "Sammy Roosevelt."



---

[1] Dictionary.com, *Face With Sunglasses Emoji*, DICTIONARY.COM (June 28, 2021), https://www.dictionary.com/e/emoji/smiling-face-with-sunglasses-emoji/ The *Face With Sunglasses* emoji 😎 depicts a smiling face wearing sunglasses. It is commonly used to convey someone or something is cool, chill, easy-going, or carefree. It's also used to express appreciation or approval and to stand in for the sentiments of *OK* or *awesome*.") (emphasis in the original) (last visited June 13, 2025).

6

(Ex. G, Charles Johnson, Substack (June 11, 2025), https://substack.com/@charlesjohnson/note/c-124886420, Appx. 024.)

Roosevelt's article directly referenced this case and portrayed Johnson as a covert government actor with powerful connections:

> [T]o warn people, even Hal Lambert, not to underestimate him. Johnson is a fed, plain and simple, and one of the most crafty feds out there at that. He has a strange and powerful network around him, and while he may have paid his court costs with an American Express credit card at his last court hearing, it is likely that that is just another one of Chuck's tricks to appear weak when he really is strong. Unlike most people who have been covering this lawsuit, I am of the opinion that Lambert is chump change for Johnson, and that Johnson will win this lawsuit.

(Ex. H, Sammy Roosevelt, The Most Overlooked Fed in America, Substack (June 11, 2025), https://substack.com/home/post/p-165682285, Appx. 031.)

Later that same day, Johnson posted a screenshot on Substack of a tweet quoting directly from the Court's June 5, 2025 Order, including the portion warning that he could be arrested for contempt. Johnson commented on the post with his own cryptic response: "How many things are not as people say they are."



(Ex. I, Charles Johnson, Substack Chat Post (June 11, 2025), https://open.substack.com/chat/posts/5d9f0ee9-7300-4612-b2ba-fcbf23805014?target_reply_id=daaaa744-6bcb-4367-9343-1e17b9d085ac&showTarget=true, Appx. 035.)

Johnson's continued social media activity is not just a distraction—it's part of a calculated effort to cast himself as a victim of government overreach, rather than a litigant defying multiple court orders. His recent posts follow comments in May where he publicly claimed it was "an honor to pay sanctions for expressing my viewpoint," framing his defiance as a principled stand against a corrupt system. But while Johnson works to cultivate that story for his followers, he is doing nothing to meet his actual obligations in this litigation. He has made no attempt to comply with the Court's orders, even though doing so would cost him nothing more than a few minutes (or hours at most) of effort. What he is not doing—deliberately—is participating in this case. For all the time Johnson has spent posting on Substack and commenting on social media, he could have

8

already complied with the Court's directives. He has the capacity to engage. He's just choosing not to do it where it counts.

## CONCLUSION AND REQUEST FOR FURTHER RELIEF

For over a month, Johnson has willfully refused to comply with this Court's discovery orders. The Court gave him clear instructions in its order from May 8th and June 5th. Plaintiffs made every effort to facilitate compliance—submitting search terms, proposing vendors, inviting discussion, and asking only for the most basic cooperation. Johnson responded with silence. He has not surrendered his devices, supplemented his written discovery, or taken even the minimal step of identifying his location so that a neutral vendor could collect his data.

This is not a case of confusion, financial hardship, or procedural delay. Johnson has shown that he understands the stakes—he continues to post about this litigation online. What he refuses to do is participate in it.

Plaintiffs therefore respectfully request that the Court enforce its June 5, 2025 Order (ECF No. 61) by:

1. Ordering that Johnson's devices and data sources be seized by the U.S. Marshals Service or another appropriate agent to facilitate compliance;

2. Compelling Johnson to provide all necessary credentials and access to messaging platforms, devices, and accounts identified in the May 8, 2025 Order (ECF No. 52);

3. Authorize the third-party vendor Innovative Driven to proceed with collection, filtering, and production of responsive materials using the search terms and privilege protocol Plaintiffs proposed, with Johnson being responsible for all costs;

4. Granting Plaintiffs the fees and costs associated with bringing this motion.

5. Grant any further relief the Court deems just and proper to ensure compliance and preserve the integrity of these proceedings.

Plaintiffs regret having to seek this relief. But Johnson's non-compliance leaves no other option.

Dated: June 13, 2025

                                                Respectfully submitted,

                                                /s/ *Will Thompson*
                                                Will Thompson
                                                DLA PIPER LLP (US)
                                                State Bar No. 24094981
                                                will.thompson1@us.dlapiper.com
                                                1900 N. Pearl Street
                                                Dallas, Texas 75201
                                                Telephone: (406) 546-5587

                                                COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

      I hereby certify that on June 13, 2025, a true and correct copy of the foregoing document was filed electronically using the CM/ECF system.

                                                */s/ Will Thompson*
                                                Will Thompson

## CERTIFICATE OF CONFERENCE

      Pursuant to Local Rule 7.1(b), I certify that I made good-faith efforts to confer with Charles Johnson regarding the subject of this motion. Between June 9 and June 12, 2025, Plaintiffs sent six separate emails to Johnson, requesting his cooperation in complying with the Court's discovery orders and offering to speak at a mutually convenient time. In particular, I wrote:

> You are under a court-ordered obligation to comply, and further delay or non-responsiveness will compel the plaintiffs to notify the court and request further relief. If you want to talk about this further, please propose a time and the specific points you want to address."

      Johnson did not respond to that email—or to any of the others. In light of his ongoing silence and failure to comply with multiple court orders, further attempts to confer would be futile.

10

                                                */s/ Will Thompson*
                                                Will Thompson