UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**POINT BRIDGE CAPITAL, LLC,**
ET AL.,

   **Plaintiffs,**

v.                                      No. 4:24-cv-00988-P

**CHARLES JOHNSON,**

   **Defendant.**

# ORDER

    The above numbered and styled case was filed on October 16, 2024. ECF No. 1. In this lawsuit, Defendant Charles Johnson is accused of black mailing Plaintiffs through a fraud and extortion scheme under which he, and his co-conspirator, "falsely present[ed] themselves as intelligence agents or assets of U.S. government agencies." ECF No. 33 at 1. Whether or not those allegations are true, Johnson is a party to this instant action and is thus obligated to participate in the litigation and comply with all Court orders. A fact which the Court has made abundantly clear. ECF Nos. 55 at 14 ("When it comes to participating in a lawsuit you have an obligation . . . ."); 57; 61; 62; 63 at 22. Johnson originally failed to comply with his litigation obligations by failing to respond to discovery requests. The Court granted Plaintiffs' motion to compel but, giving Johnson the benefit of the doubt, denied their request to involve a third-party vendor so that Johnson would have a chance to comply. ECF No. 55 at 27–28. After Johnson failed to comply, the Court granted Plaintiffs' subsequent motion and ordered that Johnson turn over his devices to and pay for a third-party vendor. ECF No. 61. In that order, the Court also stated:

> To ensure compliance with th[is] Order, the Court **SETS** an additional hearing on the matter for **June 19, 2025, at 2:00 pm.** Should it be discovered that Defendant Charles Johnson failed to comply with this Order, the Court will exercise its authority under 18 U.S.C. § 401, and Mr. Johnson **WILL** be arrested by the United States Marshal[] and held in custody until such time as he fully complies with the Court's Order and purges his contempt.

ECF No. 61 at 2.

Despite this, Johnson continued to flout his obligations to obey Court orders and participate in this litigation. *See* ECF Nos. 65 (Johnson failing to comply with the Court's orders regarding discovery and failing to reply to Plaintiffs' emails regarding the same); 68 (Johnson refusing to participate in the Court ordered mediation). Due to Johnson's continued failure to comply with Court orders, the Court ordered Johnson to attend the June 18, 2025 hearing prepared to "**SHOW CAUSE** why he should not be held in contempt, arrested by the United States Marshal, and held in custody until such time as he fully complies with the Court's Order and purges his contempt." ECF No. 67 (citation cleaned up). At that hearing Johnson admitted that he had still not complied with the Court's orders regarding discovery.

## LEGAL STANDARD

"Federal Rule of Civil Procedure 37(b)(2)(A) provides that, '[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders.'" *Keplar v. Google, LLC*, 346 F.R.D. 41, 52 (N.D. Tex. 2024) (quoting FED. R. CIV. P. 37(b)(2)(A)). The sanctions available to the Court include "striking pleadings in whole or in part." FED. R. CIV. P. 37(b)(1)(A)(iii). The Court's authority to issue sanctions also stems from its "inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Fuqua v. Horizon/CMS Healthcare Corp.*, 199 F.R.D. 200, 204 (N.D. Tex. 2000) (citation modified). The Court's inherent power authorizes litigation-ending sanctions in instances of bad faith or willful abuse of the judicial process. *Id.* "[A]nd the court has broad discretion in fashioning its sanction when it does so." *L. Funder,*

*L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019), *as revised* (June 6, 2019).

Fifth Circuit precedent imposes a heightened standard for litigation-ending sanctions (such as striking pleadings) and requires courts to make four additional findings. *Id.* Those four elements are: "(1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation 'substantially prejudice[d] the opposing party;' and (4) a lesser sanction would not 'substantially achieve the desired deterrent effect.'" *Id.* at 758–59 (quoting *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994)).

## ANALYSIS

Here, all four elements required for the Court to issue litigation-ending sanctions have been satisfied.

*First*, the Court finds that Johnson has acted willfully in his contempt for the Court's orders. Johnson has been sanctioned by this Court and its sister court but has not corrected his behavior. In the United States District Court for the Southern District of New York, Johnson has been sanctioned on multiple occasions for failing to participate in the litigation, failure to comply with the court's orders, and lying to the court. *See, e.g.*, *Johnson v. Clearview AI, Inc.*, No. 1:23-cv-2441, ECF No. 84 (S.D.N.Y.). Despite those sanctions and warnings, Johnson has publicly stated that it is "an honor to pay sanctions for expressing my viewpoint," and has continued to ignore the court's orders. ECF No. 65 at 8.

In fact, Johnson was recently ordered to show cause for "willfully continu[ing] to fail to comply with discovery obligations . . ." and stated that "[g]iven the seriousness of [Johnson]'s violations of his discovery obligations, the extended period of time over which these discussions have taken place, and the lack of effectiveness of prior efforts, including monetary sanctions, the Court agrees with Defendants that heightened sanctions may be applicable here." *Id.* at ECF No. 93 at 1 (contemplating whether striking Johnson's pleadings is the appropriate sanction).

Similarly, in this case, Johnson has been sanctioned on multiple occasions. Despite those sanctions and the Court's warning that that should he continue to disregard Court orders he would be held in contempt and placed in the custody of the United States Marshal until he purged himself of his contempt, Johnson continued to flaunt the Court's orders. ECF Nos. 61 at 2, 63 at 9, 67. In fact, Johnson's response to these warnings was to mock them on social media.



4



Charles Johnson, Substack Chat Posts (June 11, 2025) & (June 14, 2025), https://charlesjohnson.substack.com/notes.

Johnson's social media posts evidence the willfulness behind his non-compliance, as they show that he had no intention of complying with the Court's orders. This fact was confirmed at the hearing when Johnson stated that he had simply made the decision not to comply. Therefore, there is no other conclusion the Court can reach other than Johnson is willfully ignoring the orders of the Court. Accordingly, the Court finds that the first element has been satisfied.

*Second*, the Court finds the second element has also been satisfied. Johnson has had two sets of counsel in this matter but is currently proceeding *pro se*. ECF No. 52. Thus, Johnson, rather than any counsel, is responsible for the violations and the second element has been satisfied.

*Third*, Johnson's violations have substantially prejudiced Plaintiffs. This case was filed on October 16, 2024, and is set for trial on December

5

15, 2025. ECF Nos. 1, 26. The Parties' discovery deadline is July 18, 2025. ECF No. 26. However, because of Johnson's violations of this Court's orders, no cognizable discovery has occurred. Johnson's unwillingness to participate in discovery or comply with this Court's orders is worsened by the fact that Johnson has admitted to the destruction of potentially responsive evidence. *See* ECF No. 55 at 30 (admitting that his messages delete after a "month or two months" and he has taken no steps to preserve those messages). Thus, not only have Plaintiffs been deprived of the ability to prepare their case[1] but there is likely a substantial amount of evidence that has been destroyed. Therefore, the Court finds the third element to be established.

*Fourth*, and finally, there is no lesser sanction that would substantially achieve the desired deterrent effect. As discussed above, Johnson has demonstrated that further monetary sanctions will have no effect on his willingness to participate in litigation and comply with Court orders. That led the Court to believe that holding Johnson in contempt and placing him in the custody of the Marshal was the sanction most likely to achieve the desired deterrent effect. However, at the hearing, it became evident to the Court that not only did its threat to place Johnson in the custody of the Marshal not effect Johnson, but he wished the Court him arrest him so that he could portray it as further evidence of his self-proclaimed martyrdom. Johnson's attitude towards going to jail is perfectly encapsulated by his social media post the day after the hearing, in which he stated, *inter alia*: "In my more romantic delusions I think that there's a long history of people who were jailed leaving jail and becoming prime minister. Why not someone leaving prison and becoming president? And why not me?" https://charlesjohnson.substack.com/p/notes-on-the-state-of-israel-and.

Additionally, Johnson testified that he had no one to assist him in purging his contempt. Thus, the Court was left with the choice of placing Johnson in jail for an extended period of time (a result he seemingly wanted) or striking his pleading and entering default against him. After

---

[1]The Court notes that as of the date of this order, Plaintiffs were forced by Johnson's actions to pay for and attend the Court ordered mediation without the benefit of discovery.

thoughtful consideration and thorough research, the Court determined that placing Johnson in the custody of the Marshal would not only not achieve the desired effect, but it would potentially deprive Johnson of his freedom for an extended period of time. Consequently, the Court determined there is no lesser sanction the Court can render to ensure compliance. Accordingly, the *fourth* element is satisfied.

For the reasons set out above, in accordance with Federal Rule of Civil Procedure 37(b)(1)(A)(iii) and the Court's inherent authority, it is **ORDERED** that Johnson's Amended Answer (ECF No. 36) is hereby **STRICKEN** in its entirety. Furthermore, it is **ORDERED** that the Clerk of the Court enter default against Johnson. Judgment will be entered against Johnson regarding his liability for actual, treble, and punitive damages on all of Plaintiffs' claims. It is further **ORDERED** that the Court's prior scheduling order is hereby moot. Finally, it is **ORDERED** that this matter is set for a jury trial on Plaintiffs' damages for **July 14, 2025, at 9:00 a.m.**, in the Fourth Floor Courtroom of the Eldon B. Mahon United States Courthouse. At the trial, Johnson will be permitted to cross-examine Plaintiffs' witnesses (with relevant questions), but he will not be allowed to present any witnesses or documentary evidence.

**SO ORDERED** on this **23rd day of June 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE