IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Point Bridge Capital, LLC,<br>Hal Lambert<br><br>*Plaintiffs,*<br><br>v.<br><br>Charles Johnson,<br><br>*Defendant.* | Case No. 4:24-cv-00988-P<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION TO PERMIT REMOTE TRIAL TESTIMONY
OF EXPERT WITNESS STEWART A. BAKER DUE TO SERIOUS HEALTH ISSUE[1]**

Plaintiffs respectfully move the Court to permit their expert witness, Stewart A. Baker, to testify remotely at trial pursuant to Federal Rule of Civil Procedure 43(a). As set forth in the attached declaration, Mr. Baker is recovering from serious medical complications following heart surgery and a hospitalization for pneumonia. Although he is able to testify via videoconference, he is under a medically intensive treatment regimen that makes travel to Fort Worth infeasible. Plaintiffs request that the Court allow Mr. Baker to appear remotely in the interest of justice.

### I. Background

Mr. Baker is a nationally recognized expert in national security, cybersecurity, and intelligence policy. He served as General Counsel of the National Security Agency and as the first Assistant Secretary for Policy at the U.S. Department of Homeland Security. Declaration of Stewart A. Baker In Support Of this Motion ("Baker Decl."), ¶ 2. In this case, he was retained to

---

[1] Counsel for Plaintiffs contacted Defendant Charles Johnson multiple times concerning this motion. While Johnson did not agree to the relief requested, he stated that he did not want be characterized as opposed to the motion, but rather "I leave it to Judge Pittman to make those determinations."

evaluate Defendant Charles Johnson's use of claimed intelligence and law enforcement affiliations and to assess the reputational risks such conduct poses. *Id.*

Mr. Baker's written opinions have been fully disclosed. His live testimony would allow for clarification of his report and provide Defendant Johnson the opportunity to cross-examine him.

## II. Mr. Baker's Medical Condition Prevents Travel

As described in his declaration, Mr. Baker underwent mitral valve repair surgery in May 2025. Baker Decl., ¶ 5. Although the surgery was initially successful, he later developed a severe case of pneumonia after a brief flight to visit family. *Id.* He was hospitalized for nearly a week. *Id.*

He is now home but remains under a demanding outpatient treatment plan. *Id.* at ¶¶ 4, 6. This includes intravenous antibiotics administered through a central catheter three times daily—at 6:00 a.m., 2:00 p.m., and 10:00 p.m.—under strictly sterile conditions. *Id.* at ¶ 6. The risk of reinfection or complications makes air travel medically inadvisable. *Id.* at ¶¶ 6–7. Mr. Baker can seek supporting documentation from his attending physician if further verification is needed. *Id.* at ¶ 9.

While travel is not feasible, Mr. Baker is able and willing to testify remotely. *Id.* at ¶ 8. He is physically capable of responding to questions and participating in cross-examination via videoconference. *Id.*

## III. Legal Standard

Federal Rule of Civil Procedure 43(a) permits trial testimony by contemporaneous transmission from a different location "for good cause in compelling circumstances and with appropriate safeguards." Courts have routinely allowed remote expert testimony where a witness is available and willing but medically unable to travel. This is such a case.

Remote testimony would allow the Court to hear Mr. Baker's expert opinions, ensure cross-examination rights are preserved, and avoid unnecessary risk to Mr. Baker's health. Plaintiffs will coordinate with the Court and its staff to ensure that all necessary technical and procedural safeguards are in place.

### IV. Conclusion

For these reasons, Plaintiffs respectfully request that the Court permit Stewart A. Baker to testify remotely at trial.

A proposed order is submitted herewith.

Dated: July 10, 2025

Respectfully submitted,

/s/ *Will Thompson*
Will Thompson

DLA PIPER LLP (US)
Will Thompson
State Bar No. 24094981
will.thompson1@us.dlapiper.com
1900 N. Pearl Street
Dallas, Texas 75201
Telephone: (406) 546-5587

COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF CONFERENCE**

I hereby certify that I contacted Charles Johnson regarding the relief requested in this motion on July 9, 2025 and July 10, 2025. His position was, "I leave it to Judge Pittman to make those determinations."

*/s/ Will Thompson*
Will Thompson

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2025, a true and correct copy of the foregoing document has been served via the Court's CM/ECF system and emailed to Charles Johnson.

*/s/ Will Thompson*
Will Thompson