FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| **Point Bridge Capital, LLC,** | § | |
| **Hal Lambert** | § | |
| | § | |
| *Plaintiffs*, | § | Case No. 4:24-cv-00988-P |
| v. | § | |
| | § | |
| **Charles Johnson,** | § | |
| *Defendant.* | | |

# PLAINTIFFS' TRIAL BRIEF ON TREATMENT OF ATTORNEY'S FEES UNDER RICO

Plaintiffs respectfully submit this brief to briefly address the treatment of attorneys' fees under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and to note that the question of attorneys' fees is not a matter for the jury, but one for the Court to resolve following a verdict.

Section 1964(c) of the statute provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c). Although RICO entitles prevailing plaintiffs to recover their reasonable attorneys' fees, that remedy is separate from the factual questions committed to the jury. Courts have uniformly held that the amount of a statutory fee award is a legal matter reserved for judicial determination after entry of judgment.

The Second Circuit's decision in *Bingham v. Zolt* is instructive. There, the court rejected the contention that a jury trial was necessary to determine attorneys' fees under RICO, holding that "it is the trial court, not the jury, that has the responsibility of determining attorney's fees awards

1

pursuant to statute." 66 F.3d 553, 565 (2d Cir. 1995). That holding is consistent with other statutory fee-shifting regimes, including under 42 U.S.C. § 1988 and the Clayton Act. *See Gagne v. Town of Enfield*, 734 F.2d 902, 904 (2d Cir. 1984); *United States Football League v. Nat'l Football League*, 704 F. Supp. 474 (S.D.N.Y.), *aff'd,* 887 F.2d 408 (2d Cir. 1989), *cert. denied,* 493 U.S. 1071 (1990). The consistent principle is that attorneys' fees are collateral to the merits and not a subject for jury resolution.

Rule 54(d)(2) of the Federal Rules of Civil Procedure reinforces this framework. It states: "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." FED. R. CIV. P. 54(d)(2)(A). RICO includes no such requirement. Consequently, any motion for attorneys' fees must be filed "no later than 14 days after the entry of judgment," unless a statute or court order provides otherwise. FED. R. CIV. P. 54(d)(2)(B)(i). As the Advisory Committee explained in its note to the 1993 amendments, such awards "should be made in the form of a separate judgment . . . since such awards are subject to review in the court of appeals."

District courts have consistently applied this rule in civil RICO actions. In *CSX Transportation, Inc. v. Peirce*, the court held that "the amount of attorneys' fees is not 'of consequence' in determining the initial judgment," and that "it is the court's responsibility to determine and assess the attorneys' fees once a motion is made after the entry of judgment." No. 5:05-cv-202, 2012 WL 5354544, at *2 (N.D.W. Va. Oct. 29, 2012). There, the court rejected attempts to litigate fee issues before the jury or in discovery, emphasizing that attorneys' fees were neither a factual matter nor an appropriate issue for pretrial resolution. *Id.* at *3.

The same reasoning appears in *Jones v. Hollenback*, No. 05-cv-148, 2008 WL 766887, at *34 (E.D. Cal. Mar. 20, 2008), where the court dismissed an argument that attorneys' fees should

be submitted to the jury, reiterating that "[i]t is the trial court, not the jury, that has the responsibility of determining attorney's fees awards pursuant to statute." And as the Supreme Court warned in *Hensley v. Eckerhart*, "[a] request for attorney's fees should not result in a second major litigation." 461 U.S. 424, 437 (1983).

In short, the legal framework is clear. Attorneys' fees under RICO are awarded by the Court, not the jury. There is no basis—statutory or precedential—to present the issue to the jury or to treat fee-related evidence as part of the damages case-in-chief. Accordingly, Plaintiffs respectfully submit that the Court should exclude any reference to attorneys' fees at trial and address any application for fees, if warranted, in a post-judgment motion under Rule 54(d)(2).

Dated: July 10, 2025

Respectfully submitted,

/s/ *Will Thompson*
Will Thompson
DLA PIPER LLP (US)
Will Thompson
State Bar No. 24094981
will.thompson1@us.dlapiper.com
1900 N. Pearl Street
Dallas, Texas 75201
Telephone: (406) 546-5587

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 10, 2025, a true and correct copy was served via the Court's electronic filing system.

/s/ *Will Thompson*
Will Thompson

3