UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



POINT BRIDGE CAPITAL, LLC,
ET AL.,

  Plaintiffs,

v.         No. 4:24-cv-00988-P

CHARLES JOHNSON,

  Defendant.

## JURY CHARGE
## GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made during trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You will hear the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Your answers and your verdict must be unanimous.

You must answer all questions by a preponderance of the evidence. This means the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.

Plaintiffs Point Bridge Capital, LLC and Hal Lambert have the burden of proving their damages by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so, which means the greater weight of credible evidence presented in this case. A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence.

In determining whether Plaintiffs' damages have been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other

2

time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave during the trial.

You should keep in mind that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the

circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

There are two types of evidence that you may consider in properly finding the damages in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence,

4

but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. You are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the

5

notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the parties your question and my response before I answer your question. After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

## INSTRUCTIONS FOR ANSWERING QUESTIONS

Bias, prejudice, or sympathy may not play any part in your deliberation. A corporation and all other persons are equal under the law and must be treated as equals in a court of law.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer simply because of your answer to any other question about damages. Do not answer based on a speculation about what any party's ultimate recovery may or may not be. Any recovery will be ultimately approved by the Court when it applies the law to your answers at the time of judgment. Do not add any amount of interest to any of your answers on damages. Answer in dollars and cents.

# QUESTIONS

## CIVIL RICO

The Court has previously ruled that Johnson is liable to Plaintiffs on their claims under the Racketeer Influenced and Corrupt Organizations Act, commonly referred to as RICO. However, you must determine the damages, if any, Plaintiffs suffered as a result of Mr. Johnson's actions.

A person is injured in their business or property if they suffer a monetary loss—such as lost income, lost profits, lost investment, or a decrease in the value of a business. You may award damages to Mr. Lambert for reputational or professional harm that resulted in financial loss, including the loss of earned media opportunities to build his brand and credibility with investors, reduced income due to decreased investment in his funds, expenses incurred to repair reputational damage, and other economic-related losses.

You may also award damages to Point Bridge Capital for harm to the business itself including lost investments, diminished reputational value, harm to investor relationships, costs incurred to repair reputational damage, and other losses tied to its operations and public standing.

The damages that Plaintiffs may recover are those caused by the predicate acts constituting the pattern of racketeering activity if they

injure Plaintiffs or their business or property. It isn't necessary that every predicate act caused damage to Plaintiffs. But they can only recover damages caused by predicate acts that are part of the pattern of racketeering activity.

**Question No. 1:** What amount of damages, if any, did Mr. Lambert prove, by a preponderance of the evidence, that he is entitled to recover as a result of Mr. Johnson's predicate acts? Please answer in dollars and cents.

Answer: $ *7,500,000.00*

*Continue to Question 2.*

**Question No. 2:** What amount of damages, if any, did Point Bridge Capital prove, by a preponderance of the evidence, that it is entitled to recover as a result of Mr. Johnson's predicate acts? Please answer in dollars and cents.

Answer: $ *8,000,000.00*

*Continue to Question 3.*

## DEFAMATION

The Court has previously ruled that Johnson is liable to Mr. Lambert on his defamation claims. However, you must determine what sum of money, if any, would fairly and reasonably compensate Mr. Lambert for the harm caused by those false and defamatory statements.

Damages for defamation fall into two categories: special damages and general damages. Special damages are specific, economic losses that Mr. Lambert suffered as a direct result of the defamation. These may

include lost business opportunities, reduced investments in his funds, harm to investor relationships, diminished earned media exposure and earning capacity, and expenses he will incur to repair the reputational harm. While special damages must be supported by competent evidence, the law does not require proof with mathematical precision. Mr. Lambert is not required to show that a particular investor would have acted differently but for the defamation. Rather, a reasonable inference of economic harm, grounded in the evidence, is sufficient.

General damages address more intangible injuries—such as damage to reputation, loss of standing in the community, personal humiliation, and emotional distress. In considering general damages, you may evaluate how Mr. Johnson's statements—such as the false accusations of sexual assault and ties to foreign criminal organizations—affected Mr. Lambert's public image, personal dignity, and peace of mind. For example, you may consider whether the defamatory statements continue to impair his professional credibility or cause lasting emotional harm.

While general damages must be supported by competent and reliable evidence, there need be no evidence which assigns an actual dollar value to the injury. You may consider the nature of the statements, how widely they were published, and the likely effect they had on Mr. Lambert's reputation and well-being. However, general damages cannot be based

on speculation or guesswork alone. You may award compensation for harm that Mr. Lambert has already experienced, as well as for harm that is reasonably likely to occur in the future. But you must take care not to award the same damages twice.

**Question No. 3:** What sum of money, if any, would fairly and reasonably compensate Mr. Lambert for the general and specific damages that were proximately caused by Mr. Johnson's defamatory statements? Please answer in dollars and cents.

Answer: $ *9,500,000.00*

*Continue to Question 4.*

In addition to compensation for his injuries, Mr. Lambert seeks exemplary damages, also called punitive damages. Exemplary damages are not intended to compensate a party for loss, but instead are meant to punish a defendant for his conduct and to deter him or others from engaging in similar conduct in the future. You may award exemplary damages only if you find by clear and convincing evidence that the harm to Mr. Lambert resulted from one of the following:

1. Fraud;

2. Malice; or

3. Gross negligence.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction in your mind as to the

11

truth of the allegations. The clear and convincing evidence standard is higher than the "preponderance of the evidence" standard but not as high as "beyond a reasonable doubt."

"Fraud" means fraud other than constructive fraud.

"Malice" means a specific intent by Mr. Johnson to cause substantial injury or harm to Mr. Lambert.

"Gross negligence" means an act or omission:

1. which, when viewed objectively from Mr. Johnson's standpoint at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others; and

2. of which Mr. Johnson had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

In determining the amount of exemplary damages, you shall consider evidence, if any, relating to:

1. The nature of the wrong;
2. The character of Mr. Johnson's conduct;
3. The degree of culpability of Mr. Johnson;
4. The situation and sensibilities of the parties concerned;
5. The extent to which such conduct offends a public sense of justice and propriety; and
6. The net worth of Mr. Johnson.

**Question No. 4:** Did Mr. Lambert establish by clear and convincing evidence that he is entitled to exemplary damages?

Answer: _____Yes_____

*If you answered "Yes", then answer Question 5. If you answered "No", stop.*

**Question No. 5:** What sum of money, if any, should be assessed against Mr. Johnson and awarded to Mr. Lambert as exemplary damages? Please answer in dollars and cents.

Answer: $ _15,000,000.00_


_Mark T. Pittman_

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

DATE: _7-14-2025_
TIME: _4:08 p.m._

13

## CERTIFICATION

We, the jury, unanimously agree to the foregoing questions and return this form as our verdict in this case.

*The Foreperson must sign and date this Verdict Form and inform the bailiff that the jury has reached a verdict. The verdict is not final until accepted by the Court.*



Signature of Foreperson

07/14/2025

Date

14