**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| Point Bridge Capital, LLC, | § | |
| Hal Lambert | § | |
| | § | Case No. 4:24-cv-0988-P |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| Charles Johnson, | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFFS' MOTION FOR TREBLE DAMAGES AND ASSET**
**PRESERVATION RELIEF**

Plaintiffs Point Bridge Capital, LLC and Hal Lambert ("Plaintiffs") file this motion pursuant to the Court's July 14, 2025 order (ECF No. 96), which directed Plaintiffs to submit a motion regarding "treble damages or any other relief they feel they are entitled to."

**INTRODUCTION**

Plaintiffs request that the Court treble the jury's RICO damages, as the statute mandates. Additionally, Plaintiffs request that the Court issue an order prohibiting Defendant Charles Johnson from dissipating or concealing assets that may be used to satisfy the judgment.[1] Plaintiffs are submitting a proposed final judgment with this motion that reflects the treble damages award and accounts for attorney's fees. Plaintiffs' motion for attorneys' fees will be submitted separately, but the proposed final judgment incorporates such attorneys' fees. To streamline post-judgment proceedings, Plaintiffs are not seeking to recover their fees and costs beyond attorney's fees.

---

[1] This request is submitted as part of the "other relief" referenced in the Court's July 14, 2025 order. (ECF No. 96 at 1).

**ARGUMENT**

**I.    <u>Plaintiffs are entitled to mandatory treble damages</u>**

      **A.  Applicable Law**

The federal civil RICO statute provides that persons injured under the statute "<u>shall</u> recover threefold the damages he sustains." 18 U.S.C. § 1964(c) (emphasis added). Federal courts have uniformly interpreted this language as a "mandatory treble damage provision." *Gil Ramirez Grp., L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 413 (5th Cir. 2015); *accord Melcher v. Wiggins*, 2014 WL 1600511, at *2 (S.D. Tex. Apr. 2, 2014) ("RICO's treble damages are mandatory") (collecting cases). The Third Circuit succinctly summarized the ministerial role of trial courts awarding RICO as follows:

> It is clear that trial courts and juries are at no liberty under RICO to award any amount less than treble damages. The plain language of that statute instructs that injured persons "shall recover" treble damages and costs and attorneys fees.

*Genty v. Resolution Trust Corp.*, 937 F.2d 899, 914 (3d Cir. 1991) (noting RICO's "mandatory provision for treble damages").

Here, Plaintiffs properly pleaded and raised their request for treble damages. (*See* ECF No. 33 at ¶¶ 19, 267, 280, 302). Accordingly, Plaintiffs are entitled to an award of treble damages on their respective RICO awards.

      **B.  Hal Lambert's total RICO award must be trebled to $22,500,000, and Point Bridge Capital's total RICO award must be trebled to $24,000,000.**

On Question 1, the jury determined that "Mr. Lambert prove[d] . . . that he is entitled to recover" $7,500,000 in damages "as a result of Mr. Johnson's predicate acts." (ECF No. 97 at 9).

On Question 2, the jury determined that Point Bridge Capital proved $8,000,000 in damages "as a result of Mr. Johnson's predicate acts." (*Id.*)

2

When taking into account mandatory trebling, Mr. Lambert must be awarded **$22,500,000** and Point Bridge Capital shall be awarded **$24,000,000**, which the following chart illustrates:

| | Jury Award | with Mandatory Trebling |
|---|---|---|
| Hal Lambert Damages - RICO (Question 1) | $ 7,500,000 | $ 22,500,000 |
| | | |
| Point Bridge Capital Damages - RICO Question 2 | $ 8,000,000 | $ 24,000,000 |

## II.    Plaintiffs' request for relief to prevent Johnson from dissipating or concealing assets.

Plaintiffs respectfully ask the Court to enter an order prohibiting Defendant Johnson from hiding, transferring, or otherwise disposing of his assets. This relief is consistent with the Federal Rules and the Court's inherent equitable authority. Further, this relief is necessary and appropriate given Johnson's conduct in this case.

Federal Rule of Civil Procedure 64(a) provides, in pertinent part: "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Texas state courts explicitly recognize that "every court with jurisdiction to render a judgment also has the inherent authority to enforce its judgments." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018). This inherent authority includes the power "to enjoin a judgment debtor's waste or disposal of assets that would be subject to collection." *Emeritus Corp. v. Ofczarzak*, 198 S.W.3d 222, 226 (Tex. App. 2006). Because Texas law gives its courts the power to restrict a defendant's funds subject to judgment, this Court holds the authority to restrict Johnson's assets under Rule 64(a). In any event, Rule 64(b) enables this Court to provide such remedies as "attachment," "garnishment," "sequestration," and "other corresponding or equivalent remedies." *Id.*

3

An order restricting Johnson's ability to transfer or conceal assets is also available to this court under its inherent equitable authority. *See Jostens, Inc. v. Hammons*, No. 20-cv-0225, 2022 WL 2392311, at *4 (E.D. Tex. July 1, 2022) (entering a post-verdict "preliminary injunction" against defendant preventing her from "concealing" or "dissipating" her assets); *Murray v. Am. Standard, Inc.*, 488 F.2d 529, 529 (5th Cir. 1973) (per curiam) (noting that trial courts hold "inherent equitable authority to issue preliminary injunctions").

The record in this case plainly meets each factor necessary for an injunction. *First*, "Plaintiff[s] ha[ve] succeeded on the merits for all of [their] claims" and thus have an indisputable likelihood of success on the merits. *See Jostens*, 2022 WL 2392311, at *2. *Second*, Johnson has himself demonstrated the likelihood of irreparable injury to Plaintiffs if an injunction is not issued. Johnson's prior obstruction and attempts to conceal what appears to be significant wealth— estimated in the tens of millions—require this conclusion. As shown at trial, including in Plaintiffs' Trial Exhibit 64, Johnson has claimed ownership of substantial assets, including bitcoin and investments in multiple private companies with valuations in the billions. These categories of assets are easily moved or hidden, particularly by someone who has refused to comply with basic discovery obligations. *Third*, an order that prevents dissipation and concealment would not injure Johnson as it would only prohibit dishonest financial practices. In comparison, if Johnson conceals or dissipates his assets, Plaintiffs "will likely never recover," tipping the balance of hardships in Plaintiffs' favor. *Id. Last*, the public interest is served by ensuring jury verdicts are not circumvented.

Accordingly, Plaintiffs request that the Court enter an order prohibiting Johnson, and anyone acting in concert with him, from:

- Selling or transferring any cryptocurrency (including bitcoin), stocks, private investments, or any other assets identified in Exhibit 64;

4

- Moving any of those assets into a trust, LLC, or other entity to place them beyond reach;

- Opening or using any financial, brokerage, or digital asset account in any name other than his own to hold assets he controls;

- Destroying or hiding any records showing the location or nature of his assets.

This is a straightforward and targeted request. Johnson should not be permitted to move or conceal assets he has already claimed to own. Plaintiffs respectfully request that this protection remain in place until the mandate is issued in this case from the Court of Appeals.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court award treble damages, provide relief to prevent Johnson from concealing or dissipating his assets.


Dated: July 21, 2025                          Respectfully Submitted,

                                              /s/ Will Thompson
                                              Will Thompson
                                              DLA PIPER LLP (US)
                                              Will Thompson
                                              State Bar No. 24094981
                                              will.thompson1@us.dlapiper.com
                                              1900 N. Pearl Street
                                              Dallas, Texas 75201
                                              Telephone: (406) 546-5587

                                              COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 21, 2025, a true and correct copy was served via the Court's electronic filing system and emailed to the defendant.

                                              /s/ Will Thompson
                                              Will Thompson