UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**POINT BRIDGE CAPITAL, LLC,
ET AL.,**

   **Plaintiffs,**

v.                                       No. 4:24-cv-00988-P

**CHARLES JOHNSON,**

   **Defendant.**

# ORDER

   Before the Court are Plaintiffs' Motion for Attorney Fees Under RICO (ECF No. 100) and Motion for Treble Damages and Asset Preservation (ECF No. 102). The Court gave Defendant Charles Johnson until July 28, 2025, to file any Response he may have to Plaintiffs' Motions. ECF No. 96. That Order also ordered Johnson—not for the first time—to register as an ECF user. *Id.; see also* ECF No. 89. Johnson once again failed to comply with the Court's order to register as an ECF user and he did not file a Response to either Motion as ordered. Despite Johnson's failure to comply or respond, the Court reviewed the Motions for their validity. Having done so, and having reviewed the applicable law, the Court will **GRANT** the Motions.

   Beginning with Plaintiffs' Motion for Attorney Fees Under RICO (ECF No. 100), the Court finds that the attorney fees moved for are appropriate in this case and hereby **GRANTS** the Motion.[1] It is

---

[1] Specifically, the Court notes the following: (1) the time and labor required is proportional to the number of hours expended and the hourly rates charged by Plaintiffs' counsel; (2) the issues involved did not justify a modification; (3) the hourly rate and amount of hours expended was reasonable in light of the novelty and difficulty of the discovery and sanction issues involved; (4) Plaintiffs' counsel was precluded from doing other work, which was taken into consideration in the number of hours expended and the hourly rate; (5)

therefore **ORDERED** that Defendant Charles Johnson shall pay Plaintiffs **$1,033,130.00 in attorney's fees**. The amount will be reflected in the Court's final judgment.

Next, the Court turns to Plaintiffs' Motion for Treble Damages and Asset Preservation Relief. Having considered the Motion, record, and applicable law, the Court hereby **GRANTS** the Motion.

It is therefore **ORDERED** as follows:

- The damages the jury awarded to Hal Lambert on Question 1, (ECF No. 97 at 9), are trebled from $7,500,000.00 to $22,500,000.00.

- The damages the jury awarded to Point Bridge Capital on Question 2, (ECF No. 97 at 9), are trebled from $8,000,000.00 to $24,000,000.00.

These trebled damages will be reflected in the Court's final judgment.

In addition, it is **ORDERED** that Defendant Charles Johnson, and anyone acting in concert with him, is prohibited from taking any of the following actions until the mandate in this case shall issue from the Court of Appeals:

- Selling, transferring, or otherwise disposing of any cryptocurrency (including bitcoin), stocks, private investments, or other assets identified in Trial Exhibit 64;

---

Plaintiffs' counsel sought a reasonable and customary fee based upon their skill, experience, and reputation; (6) the fee sought appears to be a fixed fee billed by Plaintiffs' counsel to Plaintiffs; (7) the number of hours expended and hourly fee charged was reasonable in light of the time limitations imposed by the Court; (8) the number of hours expended and hourly fee charged was reasonable based on the fact that Plaintiffs were successful in pursuing their case against Defendant and based upon the type of case involved; (9) Plaintiffs' counsel has considerable experience, a good reputation, and a successful law practice as evidenced by the filings submitted to the Court; (10) this case is not particularly undesirable and, thus, no upward modification is required; (11) there is no information regarding the length of Plaintiffs' counsel's relationship with Plaintiffs; and (12) the amount of attorneys' fees awarded is not excessive based on awards in similar cases.

2

- Moving any such assets into a trust, LLC, or other entity in an effort to place them beyond the reach of creditors;

- Opening or using any financial, brokerage, or digital asset account in any name other than his own for the purpose of holding assets he controls;

- Destroying, concealing, or altering any records that reflect the existence, nature, or location of his assets.

**SO ORDERED** on this **29th day of July 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE