IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Point Bridge Capital, LLC, §<br>Hal Lambert §<br>§<br>*Plaintiffs,* §<br>§<br>v. §<br>§<br>Charles Johnson, §<br>§<br>*Defendant.* § | Case No. 4:24-cv-00988-P |

**PLAINTIFFS' NOTICE OF JOHNSON'S STATEMENTS RELEVANT TO COURT'S PRESERVATION AND ASSET ORDER**

On August 8, 2025, Plaintiffs' counsel wrote Defendant Charles Johnson to advise him of his continuing obligation to preserve materials, not destroy evidence, and not dissipate assets—citing this Court's July 29, 2025 asset-preservation order. (*See* Aug. 8, 2025 Letter to Johnson, Ex. A, attached hereto). Plaintiffs' letter also addressed Johnson's recent public statements that, in Plaintiffs' view, imply he is discarding potential evidence and concealing or transferring assets. Johnson's statements include the following:

➢ Regarding his laptop, which a magistrate judge in the Southern District of New York matter ordered him to produce by August 6, 2025[1]: "My trusty laptop has decided to commit seppuku rather than do its duty to me as I embark on my first novel. Admittedly the laptop was always something of a coward though I confess I did abuse it more than it deserved. Could you imagine being one of my possessions? Poor thing."

---

[1] Johnson v. Clearview AI, Inc., No. 23-cv-2441, ECF No. 99 at 1 (S.D.N.Y).

1

- Johnson's counsel relayed to the court what Johnson said when he was told that he needed to produce his laptop. Johnson said, "Oh okay. Not doing that. I gave it all away. I do not have it. Will not produce it and don't have it. Mr. Johnson gave away many of the possessions including his computer."[2]

- Regarding that magistrate judge's order ordering Johnson to pay $10,000 in sanctions and produce his laptop, Johson wrote on his Substack: "Do you think I should tell them that I gave up all my earthly possessions?! Oh no!"[3]

Plaintiffs file this Notice so the Court has the same record of Johnson's communications and conduct that bear on his compliance with the Court's preservation and asset-freeze order. Plaintiffs are not presently seeking relief from the Court, but preview this issue as they undertake post-judgment discovery.

Dated: August 11, 2025

Respectfully submitted,

/s/ *Will Thompson*
Will Thompson
DLA PIPER LLP (US)
State Bar No. 24094981
will.thompson1@us.dlapiper.com
1900 N. Pearl Street
Dallas, Texas 75201
Telephone: (406) 546-5587

COUNSEL FOR PLAINTIFFS

---

[2] Johnson v. Clearview AI, Inc., No. 23-cv-2441, ECF No. 104 at 1 (S.D.N.Y).

[3] Charles Johnson, *Notes*, SUBSTACK (Aug. 2, 2025), https://charlesjohnson.substack.com/notes.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2025, a true and correct copy of the foregoing document was filed electronically using the CM/ECF system.

>  */s/ Will Thompson*
>  Will Thompson

# Exhibit A



**DLA Piper LLP (US)**
1900 North Pearl Street
Suite 2200
Dallas, TX 75201-2467
www.dlapiper.com

Will Thompson
Will.thompson@us.dlapiper.com
T  214.743.4500
F  214.743-4545

August 8, 2025
Via email: charlescjohnson88@gmail.com

Charles Johnson
1624 Fieldthorn Drive
Reston, VA 20194

Re:   Post-Judgment Preservation and Enforcement Obligations – *Point Bridge Capital, LLC, et al. v. Charles Johnson*, No. 4:24-cv-00988-P (N.D. Tex.)

Dear Charles:

Your recent public statements and conduct show you are violating, or preparing to violate, Judge Pittman's July 29, 2025 asset-preservation order. That order states:

> In addition, it is **ORDERED** that Defendant Charles Johnson, and anyone acting in concert with him, is prohibited from taking any of the following actions until the mandate in this case shall issue from the Court of Appeals:
>
> - Selling, transferring, or otherwise disposing of any cryptocurrency (including bitcoin), stocks, private investments, or other assets identified in Trial Exhibit 64;

1



August 8, 2025
Page Two

> 4:24-cv-00988-P    Document 103    Filed 07/29/25    Page 3 of 3    PageID 1859
>
> - Moving any such assets into a trust, LLC, or other entity in an effort to place them beyond the reach of creditors;
>
> - Opening or using any financial, brokerage, or digital asset account in any name other than his own for the purpose of holding assets he controls;
>
> - Destroying, concealing, or altering any records that reflect the existence, nature, or location of his assets.
>
> **SO ORDERED** on this 29th day of July 2025.
>
> */s/ Mark T. Pittman*
> **MARK T. PITTMAN**
> UNITED STATES DISTRICT JUDGE

(ECF No. 103, at 2-3 (July 29, 2025)).

Within days of this order, you acted in ways that indicate spoliation and asset dissipation:

- On Substack, you wrote: "My trusty laptop has decided to commit seppuku rather than do its duty to me as I embark on my first novel. Admittedly the laptop was always something of a coward though I confess I did abuse it more than it deserved. Could you imagine being one of my possessions? Poor thing." You then asked readers to become paid subscribers—showing both a new income stream and the destruction or disposal of potentially critical digital evidence.

- In another Substack post, you wrote: "Do you think I should tell them that I gave up all my earthly possessions?! Oh no!"—after the Court issued its preservation Order—suggesting you transferred or concealed assets.

- In the *Clearview AI* matter pending in the Southern District of New York, your lawyer told Judge Failla you refused to produce your Apple computer, quoting you: "Oh okay. Not doing that. I gave it all away. I do not have it. Will not produce it and don't have it." *Letter from Bernard V. Kleinman*, ECF No. 104, S.D.N.Y., Aug. 5, 2025.



August 8, 2025
Page Three

- When I inquire about the laptop in an August 7, 2025 email, you stated it was "Long dead, alas, and given to the great dust bin."

These quotations come directly from your public posts and court filings, and they demonstrate actual or attempted violations and spoliation. Your preservation obligations continue to remain in effect. *See Duque v. Werner Enters., Inc.*, 2007 WL 998156, at *3 (S.D. Tex. Mar. 30, 2007); *Traffic Info., LLC v. Flixter, Inc.*, 2013 WL 12138862, at *1 (E.D. Tex. Dec. 13, 2013).

Even generously accepting your claim that your computer "committed seppuku" a litigant has a "duty to preserve [a] computer after its alleged crash, and to make reasonable efforts to recover the data it contained." *Dorchester Fin. Holdings Corp. v. Banco BRJ S.A.*, 304 F.R.D. 178, 183 (S.D.N.Y. 2014); *see also InternMatch, Inc. v. Nxtbigthing, LLC*, No. 14-cv-05438-JST (MEJ), 2016 WL 491483 (N.D. Cal. Feb. 8, 2016); *In re Krause*, 367 B.R. 740, 766 (Bankr. D. Kan. 2007) (litigant accused of spoliation is not "saved by his alleged computer crashes").

Plaintiffs will serve post-judgment discovery under Federal Rule of Civil Procedure 69. "The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made," *Edgefield Holdings v. Gilbert*, 2018 WL 1138516, at *9 (N.D. Tex. Mar. 2, 2018), and courts "virtually presume[]" that tax returns are relevant to post-judgment asset discovery, *Candid Advice, Inc. v. Lasseter*, 2005 WL 8164466, at *1 (S.D. Tex. Jan. 24, 2005); *see also F.D.I.C. v. LeGrand*, 43 F.3d 163, 165 (5th Cir. 1995).

Accordingly, you need to be prepared to identify and produce the following non-exhaustive list:

- All bank accounts you hold or control (past five years)

- All cryptocurrency wallets, digital-asset accounts, and platforms you used to transact

- All equity or ownership interests in public or private companies (including Anduril, Othram, and similar holdings)

- All transfers of money or assets to any third party, trust, LLC, or other entity since 2023

- Federal and state tax returns, 2020–present

- Identity and contact information for any CPA or accountant who prepared or advised on your tax returns during that period

- Revenue/subscriber data for monetized platforms (e.g., Substack, Patreon)



August 8, 2025
Page Four

- All laptops, mobile devices, and cloud accounts that contain financial records, transaction data, or account credentials

Thank you.

Sincerely,

*/s/ Will Thompson*