IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Point Bridge Capital, LLC, § <br> Hal Lambert § <br> § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> Charles Johnson, § <br> § <br> *Defendant.* § | Case No. 4:24-cv-0988-P |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT CHARLES JOHNSON TO RESPOND TO POST-JUDGMENT INTERROGATORIES, SIT FOR DEPOSITION, AND PRODUCE DOCUMENTS**

Plaintiffs Point Bridge Capital, LLC and Hal Lambert ("Plaintiffs") respectfully submit this Motion to Compel Defendant Charles Johnson to Respond to Post-Judgment Interrogatories, Sit for Deposition, and Produce Documents.

**INTRODUCTION**

After securing a $71 million judgment against Charles Johnson, Plaintiffs served a minimal set of post-judgment discovery: two interrogatories asking Johnson to identify where he banks and his cryptocurrency holdings; a request to sit for a deposition; and a request for documents reflecting his assets. The goal was simple—to identify assets that can be used to satisfy the judgment. The automatic stay under Federal Rule of Civil Procedure 62(a) has expired, and both this Court and the Fifth Circuit have denied Johnson's requests for a stay. Plaintiffs are entitled to enforce their judgment and seek discovery into Johnson's assets.

Johnson has refused to comply with any of this discovery. He has ignored the interrogatories, declined to sit for a deposition, and failed to produce a single document. Worse, and as detailed in Plaintiffs' pending motion for a show-cause hearing, Johnson has mocked his

1

obligations. He has taunted Plaintiffs and their counsel (including threats of ethics complaints and lawsuits), and he has boasted about his defiance publicly to his social media followers.

When Plaintiffs requested dates for a deposition, Johnson responded:

- "Not going to be going to any deposition. But I love that for you." (Ex. C at Appx. 018);
- "You can try but yeah, it's not going to happen." (Ex. C, Appx. 017).

When served with the interrogatories, he replied: "I'm getting advice from the Feds not to talk to you unless it's absolutely necessary." (Ex. G at Appx. 043). And in a recent email to the Court's proposed orders email address, Johnson made his position explicit: "I refused to have my personal files rampaged through by Lambert et al." (Ex. D, Appx. 022). In a November 1, 2025, Substack blog post, Johnson plainly states that he does not want to participate in discovery to prevent Lambert from executing on his assets to fulfill the judgment. "I was correct not to share any data with Lambert's attorney" because "Lambert's attorney wants to know all of my assets. The objective is to take my assets and then try to put me in prison."[1]

Plaintiffs note that they are not filing these motions for sport or academic interest. They are trying to find where Charles Johnson is hiding his assets—assets that would be used to satisfy the $71 million judgment. And Johnson has substantial assets. As detailed in Plaintiffs' motion for a show-cause hearing, Johnson holds at least $1 million in Othram stock and has recently posted about substantial Bitcoin holdings, even though he previously claimed to be penniless and unable to afford counsel. (*See* ECF No. 115 (detailing Othram holdings)).

---

[1] Charles C. Johnson, Life Updates: Moving House and Legal, Substack (Nov. 1, 2025), https://charlesjohnson.substack.com/p/life-updates-moving-house-and-legal.

Johnson claims the Plaintiffs' goal is to send him to jail. However, Plaintiffs' counsel has pleaded with him to comply with the court orders to prevent this possibility, telling him "You said that you would rather go to jail than sit for a deposition. This information request may obviate or delay the need for a deposition. I do not want you to go to jail." (ECF 116-1 at 14).

2

Indeed, in just the past few weeks, Johnson has recently boasted on social media about his cryptocurrency and stock holdings.

- On an October 13, 2025 podcast, Johnson stated, "Aptera, which is a solar-powered car company, which is something that I invested in a little while ago now, Aptera is going to be publicly listed."[2] Aptera completed its IPO on October 16, 2025.

- On November 2, 2025, Johnson tweeted a "laughing crying" emoji in response to a 2017 post that stated, "Chuck Johnson is heavily invested in bitcoin," when Bitcoin was valued at $3,076.31. (Ex. H at Appx. 047). Bitcoin has been consistently over $100,000 for most of 2025. The unambiguous implication is that Johnson is bragging about his Bitcoin assets.[3]



---

[2] Charles C. Johnson, *Thoughts and Adventures Live: Ep. 2 | His Excellency Trump in the Middle East*, Substack (Oct. 13, 2025), https://charlesjohnson.substack.com/p/thoughts-and-adventures-live-ep-2, at 18:16) (discussing investment in Aptera).
[3] Charles C. Johnson (@realchuckcj), X (Nov. 2, 2025), https://x.com/realchuckcj/status/1985161235768262977, https://archive.is/DkLx7.

3

- On November 4, 2025, Johnson posted on X, "This is not a joke. Any of the anti-Zohran Mamdani players want to sell me their condos or apartments?" Once again, Johnson is suggesting that he has substantial liquid assets—enough to purchase New York real estate from individuals leaving the city.[4]

These claims directly contradict Johnson's earlier representations to the Court that he is of "limited financial means" and unable to afford counsel. (ECF No. 10 at 2.) That falsehood—and Johnson's calculated effort to conceal the true extent of his financial resources—underscores the urgent need for the Court to enforce his post-judgment discovery obligations.

### ARGUMENT

"The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995). Federal Rule of Civil Procedure 69 authorizes a creditor, such as Plaintiffs, to conduct post-judgment discovery "to uncover any hidden or concealed assets of the judgment debtor." *T-M Vacuum Prods., Inc. v. Taisc, Inc.*, No. 07-cv-4108, 2008 WL 5082413, at *2 (S.D. Tex. Nov. 25, 2008) (quoting 13 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE-CIVIL § 69.04 (2008)); *see also Republic of Argentina v. NML Cap.*, Ltd., 573 U.S. 134, 138 (2014) (noting that under Rule 69, "[t]he rules governing discovery in postjudgment execution proceedings are quite permissive").

"Rule 69 allows post-judgment discovery to proceed according to the federal rules governing pre-trial discovery." *Nat. Gas Pipeline Co. of Am. v. EnergyGathering, Inc.*, 2 F.3d 1397, 1405 (5th Cir. 1993). To that end, Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. "[I]f the party against whom [postjudgment] discovery is sought fails to answer, Rule 37(a)(2)(B) allows the discovering party to move to compel." *United States v.*

---

[4] Charles C. Johnson (@realchuckcj), X (Nov. 4, 2025), https://x.com/realchuckcj/status/1985751574547710384, https://archive.is/mqKHX.

4

*Cabelka*, No. 16-cv-00126, 2018 U.S. Dist. LEXIS 104039, at *3, 2018 WL 3423964 (N.D. Tex. May 15, 2018). Under Federal Rule of Civil Procedure 37(a)(3)(B), a party seeking discovery may move for an order compelling an answer or production if "a party fails to answer an interrogatory submitted under Rule 33" or if "a party fails to produce documents . . . as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B).

Johnson has failed to pay the judgment entered against him. Plaintiffs are therefore entitled to engage in post-judgment discovery to identify assets that may be used to satisfy it. *See JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 256 (5th Cir. 2019) ("Rule 69 was intended to establish an effective and efficient means of securing the execution of judgments.") (internal quotations omitted). Plaintiffs properly served Johnson with interrogatories, a request for a deposition, and requests for production—including tax returns. (Exs. A-C, Appx. 005-020).

Johnson has refused to respond in any way to Plaintiffs' valid postjudgment discovery, relying on the (false) claim that a stay is in effect. After Johnson said that a stay was in effect, Plaintiffs reminded him that "[b]oth the district court and the Fifth Circuit have denied your stay" and consequently "you are still obligated to participate in discovery." (Ex. E, Appx. 027). Johnson responded, "Incorrect. That is not what the Fifth Court [*sic*] stated." (*Id.*). But the record is clear that no stay is in place. Plaintiffs are therefore entitled to an order compelling Johnson to comply with post-judgment discovery. *See Cabelka*, 2018 WL 3423964, at *1-2 (granting motion to compel where party failed to respond to postjudgment interrogatories).

Finally, Plaintiffs recognize that Johnson is unlikely to comply with this motion—just as he has refused to comply with every discovery obligation to date. When served with Plaintiffs' discovery requests, Johnson made clear that he had no intention of responding. He explicitly stated

5

that he would not appear for a deposition, would not answer interrogatories, and would not produce documents. In light of these statements, Plaintiffs anticipate the need to seek further coercive relief, including civil contempt. But before such sanctions may be imposed, a clear and specific court order compelling compliance is required. *See Sec. & Exch. Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981) (noting that civil contempt only arises when a court order is in effect).

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant this Motion to Compel and enter an order:

- directing Defendant Charles Johnson to serve complete, verified responses to Plaintiffs' post-judgment interrogatories within five days;

- compelling Johnson to schedule a deposition within five days of this order, to be conducted no later than December 14, 2025; and

- requiring Johnson to produce all documents responsive to Plaintiffs' post-judgment requests for production.

Dated: November 6, 2025                    Respectfully Submitted,

/s/ *Will Thompson*
Will Thompson
DLA PIPER LLP (US)
Will Thompson
State Bar No. 24094981
will.thompson1@us.dlapiper.com
1900 N. Pearl Street
Dallas, Texas 75201
Telephone: (406) 546-5587

COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 6, 2025, a true and correct copy was served via the Court's electronic filing system and emailed to the defendant.

/s/ *Will Thompson*
Will Thompson

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he attempted on multiple occasions throughout September, October, and November 2025 to engage with Defendant Charles Johnson regarding his obligations to respond to post-judgment discovery, including Plaintiffs' interrogatories and requests for a deposition and requests for documents. These efforts included direct emails reminding Johnson of his discovery obligations and requesting compliance. Johnson did not respond in good faith. Instead, he threatened the undersigned's law license and made clear—both in writing and in communications to the Court—that he has no intention of complying with discovery. In light of Johnson's repeated refusals and overt hostility, the undersigned certifies that a further meet and confer would have been futile.

/s/ *Will Thompson*
Will Thompson