UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**POINT BRIDGE CAPITAL, LLC, ET AL.,**

   Plaintiffs,

v.                                             No. 4:24-cv-00988-P

**CHARLES JOHNSON,**

   Defendant.

## ORDER

The Court held a hearing on Plaintiffs' Motion for Appointment of a Receiver on Thursday, November 20, 2025, at 2:00 p.m. ECF No. 135. The Court also ordered Defendant to show cause at the hearing for failure to comply in good faith with post-judgment discovery and for stealing court property.

As also stated for reasons explained on the record at the hearing, the Court finds Defendant to be in civil contempt of court for failing to comply with post-judgment discovery and for stealing court property. Therefore, having considered the least severe sanction necessary to correct the misconduct, the Court **ORDERS** the United States Marshal to arrest Defendant and place him in custody until such a time that he purges himself of his contempt. Defendant has shown a repeated history of failing to comply in good faith with post-judgment discovery. Despite the numerous opportunities given for him to cure his misconduct—including at the most recent hearing—Defendant has shown no willingness to comply with the Court orders. In fact, Defendant has expressed a desire to defy the Court's orders.

Defendant's misconduct is well-documented. On October 28, 2025, Plaintiffs filed a Motion asking for a "Show Cause" hearing to hold Defendant in civil contempt for "violat[ing] the Court's asset-protection order" and "personally threaten[ing]" Plaintiff and Plaintiffs' counsel" among other allegations. ECF No. 115 at 3, 6. That same day, the Court

denied Defendant's motion to stay enforcement of the district court's judgment. ECF No. 117. The Court subsequently granted the Plaintiffs' Motion to hold a "Show Cause" hearing to address Defendant's conduct. ECF No. 118.

On November 6, 2025, Plaintiffs filed a Motion to Compel Defendant Charles Johnson to Respond to Post-Judgment Interrogatories, Sit for Deposition, and Produce Documents. ECF No. 119. The Court accordingly scheduled a hearing on the Motion. ECF No. 121. After holding the hearing on November 10, 2025, the Court granted Plaintiffs' Motion to Compel and ordered Defendant to answer Plaintiffs' post-judgment interrogatories within five days, produce requested documents, and sit for a deposition on Monday, November 17, 2025. ECF Nos. 129, 130.

Plaintiffs then filed the Motion for Appointment of Receiver. ECF No. 131. The Court ordered a response to the Motion by Wednesday, November 19, 2025. ECF No. 134. That response was never filed in defiance of the Court's order. The Court thus ordered the most recent hearing to be held on November 20, 2025. ECF No. 135. In the interim, Plaintiffs filed a Supplement to its Motion to Appoint Receiver documenting the Defendant's noncompliance with the Court's orders. ECF No. 136. While Defendant was physically present for the deposition, the Defendant failed to respond to the questions asked in good faith and repeatedly gave evasive answers while asserting that his plan was to give as minimal information as possible. ECF No. 136. Court staff additionally reported that Defendant stole a mug and water bottles belonging to the Court that same day. ECF No. 138.

In response to Defendant's noncompliance, the Court ordered Defendant to Show Cause for his failure to respond in good faith to the questions asked in the deposition, his failure to serve his interrogatory responses, his failure to produce requested documents, and his theft of court property. ECF No. 138.

The Court then gave Defendant—yet again—another chance to comply with the Court's orders at the hearing held on November 20, 2025. There, the Court and Plaintiffs' counsel asked Defendant similar

2

questions to those asked at the deposition. And again, the Defendant failed to respond in good faith to those questions.

Therefore, the Court finds the Defendant to be in civil contempt of court. Accordingly, considering the least severe sanction possible to correct the misconduct, the Court **ORDERS** Defendant to pay a $1000 fine to the Clerk of the Court due immediately to purge himself of his theft of government property. The Court also **ORDERS** the United States Marshal to arrest Defendant and place him in the custody of the Johnson County Jail until such a time as he purges himself of his contempt for his repeated failure to engage in post-judgment discovery in good faith.

**SO ORDERED** on this **20th day of November 2025.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE