UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**POINT BRIDGE CAPITAL, LLC, ET AL.,**

  Plaintiffs,

v.                                No. 4:24-cv-00988-P

**CHARLES JOHNSON,**

  Defendant.

### ORDER

Before the Court is Plaintiff's Motion for Appointment of a Receiver. ECF No. 131. The Court held a hearing on the Motion on November 20, 2025. That same day, the Court granted the motion and appointed Jeffrey Ansley and Adam Farrell to serve as receivers in this case. ECF No. 143. The Court hereby finds and concludes as set forth below:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has subject-matter jurisdiction over this action and personal jurisdiction over Defendant Charles Johnson. Plaintiffs Point Bridge Capital and Hal Lambert (collectively, "Plaintiffs") have a valid claim against Johnson for $72,033,130, as reflected in the July 29, 2025 Final Judgment ("Judgment"). *See* ECF No. 104.

The Court has ordered Johnson to comply with discovery and post-judgment discovery obligations, but he has repeatedly failed and refused to do so. *See, e.g.*, ECF Nos. 52, 57, 60, 67, 68, 73, 118, 119. The record reflects that Johnson has used or purported to use multiple entities, trusts, special-purpose vehicles, and digital-asset platforms in connection with his financial affairs. Based on Johnson's conduct and the structure of his affairs, the Court finds a substantial risk that assets have been or will be concealed, dissipated, or transferred in a manner that could frustrate execution of the Judgment. Ordinary post-judgment discovery tools and contempt warnings have proven ineffective. Johnson's failure to comply, including statements indicating a

willingness to face contempt and incarceration rather than comply, establishes that standard remedies are inadequate to protect Plaintiffs' rights.

In deciding whether to appoint a receiver, courts consider the following factors:

> [A] valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

*Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241–42 (5th Cir. 1997).

Having reviewed the record in this case, the Court finds a receiver is necessary and appropriate in aid of execution of the Judgment to identify, secure, preserve, and realize non-exempt assets in which Johnson has a legal or beneficial interest. *See* 28 U.S.C. § 3103 *et seq.*; FED. R. CIV. P. 66.

**APPOINTMENT OF RECEIVER AND GRANT OF AUTHORITY**

Based upon the foregoing findings and conclusions and the applicable law, Jeffrey Ansley and Adam Farrell ("Receiver") are appointed to serve *without bond* with the powers and duties described in this Order. *See* FED. R. CIV. P. 66, 69; TEXAS BUS. & COM. CODE § 24.008(3)(B); and TEXAS CIV. PRAC. REM. CODE 31.002(b)(3).

The Court hereby takes exclusive jurisdiction and places the "Receivership Estate" into the possession of the Receiver. The "Receivership Estate" consists of all non-exempt property/assets and interests in property/assets in which Johnson possesses (may have possessed, or previously possessed) a legal or beneficial interest, to the extent necessary to aid execution of the Judgment, wherever located and by whomever held, including but not limited to:

- real and personal property;
- bank, brokerage, custodial, and digital-asset accounts;
- contract rights, receivables, royalties, and income streams;

2

- equity, membership, partnership, or beneficial interests in any corporation, LLC, partnership, trust,[1] or special-purpose vehicle; and
- claims or causes of action.

If any dispute arises regarding exempt status, the property shall be treated as part of the Receivership Estate and preserved by the Receiver pending resolution by motion. Except as authorized by the Receiver or further order of this Court, no person or entity shall manage, transfer, encumber, or dispose of the Receivership Estate.

The Receiver may take possession and control of all Receivership Estate property and take reasonable actions to secure, safeguard, insure, and maintain that property.

The Receiver may obtain books, records, and data relating to the Receivership Estate from any person or entity reasonably believed to hold them, including accountants, custodians, financial institutions, or cloud-service providers.

To the extent consistent with Johnson's legal or beneficial interest, the Receiver may

- receive distributions;
- inspect and obtain books and records; and
- exercise governance or consent rights where necessary to preserve value.

The Receiver may demand, collect, and receive all debts, receivables, distributions, royalties, consulting fees, and other income streams owed to the Receivership Estate.

With Court approval where required, the Receiver may assert, prosecute, defend, compromise, or settle claims belonging to the Receivership Estate, including fraudulent-transfer or alter-ego actions.

The Receiver may retain attorneys, forensic accountants, digital-asset specialists, investigators, brokers, auctioneers, and other professionals as needed.

---

[1] The Receivership Estate includes any non-exempt property, accounts, or financial interests held in the name of, for the benefit of, or associated with the following trusts to the extent of Johnson's legal or beneficial interest: EB White Trust, Xavier Capital Trust, KawRuh Trust, and any similar trust or structure used to hold Johnson's property.

3

This Order shall apply to banks, brokerages, custodians, cryptocurrency exchanges, payment processors, and similar institutions ("Financial Institutions") with notice of this Order. Financial Institutions shall (a) cooperate in good faith with the Receiver's lawful information requests; (b) where voluntary compliance is permitted, produce records without requiring a subpoena; and (c) freeze or prevent unauthorized transfers upon written request from the Receiver.

Financial Institutions shall provide account-identifying information, balances, and reasonable transaction histories upon request of the Receiver. Financial Institutions shall transfer or remit the Receivership Estate assets to the Receiver as instructed, consistent with law.

The Receiver may identify, secure, and—under Court-approved procedures—liquidate digital assets and cryptocurrency held through exchanges, custodial wallets, or similar platforms.

The Receiver may manage or wind down entities holding the Receivership Estate as reasonably necessary to preserve or realize value, subject to further Court approval for substantial operational changes.

The Receiver may sell or liquidate the Receivership Estate in a commercially reasonable manner, including through auctions, brokered sales, private sales, or digital-asset liquidation strategies. For unique or illiquid assets, the Receiver shall provide notice and opportunity to object before sale.[2]

The Receiver shall establish one or more receivership bank accounts in a federally insured institution, into which all Receivership funds shall be deposited. Disbursements shall be made only as permitted by this Order or further court order.

---

[2] To the extent the Receivership Estate includes any non-exempt legal or beneficial interest of Johnson in Othram, Inc.—whether held directly or indirectly through any trust, special-purpose vehicle, or entity formed or used to hold or transfer such interest—the Receiver is authorized to take actions reasonably necessary to preserve, manage, and realize the value of that interest, including sale or other disposition, subject to further order of the Court.

Distributions from the Receivership Estate to Plaintiffs or any other claimants shall occur only pursuant to a subsequent court order or a court-approved distribution plan.

## ACCESS TO INFORMATION

The Receiver may issue subpoenas under Rule 45 and request information from:

- financial institutions;
- entities/trusts holding Johnson's interests;
- monetization platforms, ad networks, vendors; and
- any other persons/entities reasonably believed to possess relevant information.

The Receiver may move in this Court to enforce subpoenas and requests, including by motions to compel or for contempt.

The Receiver may conduct depositions of third parties with relevant knowledge.

The Receiver may move for Court orders directed to electronic service providers (including Google, Apple, Microsoft, Meta Platforms, X.com, ProtonMail, Signal, Telegram, and cloud-storage providers) for production of account records, metadata, logs, and, where lawful, stored content relevant to identifying, locating, or valuing assets. Where an electronic service provider requires a consent or attestation tied to a Johnson-associated account, the Receiver may apply for Court approval of the consent form itself or authorization for the Receiver to execute the consent on behalf of the Receivership Estate for the limited purpose of obtaining asset-relevant records.

Upon showing good cause, the Receiver may seek Court approval of forensic protocols for imaging and reviewing specified devices using neutral vendors and protocols to ensure that privileged communications are not disclosed.

## INJUNCTION AGAINST INTERFERENCE

All persons with notice of this Order are enjoined from:

- interfering with the Receiver's custody, control, management, or sale of the Receivership Estate;
- destroying, concealing, transferring, or dissipating the Receivership Estate; and

5

- harassing or improperly attempting to influence the Receiver or his agents.

All persons with notice are enjoined from creating or enforcing any lien, claim, or encumbrance on the Receivership Estate without authorization from the Receiver or this Court.

### REPORTING

Within 20 days, the Receiver shall file a written initial report describing:

- assets and accounts identified;
- steps taken to secure and preserve them;
- any material irregularities, unexplained transfers, or issues affecting the integrity of the Receivership Estate, including any potential criminal conduct or wrongdoing; and
- any other information that the Receiver deems is necessary to bring to the Court's attention to enforce the Judgment.

Every 30 days thereafter, the Receiver shall file supplemental reports summarizing material developments. The Receiver shall maintain accurate records and may be required to submit a formal accounting at intervals or upon termination.

### COORDINATION WITH AUTHORITIES.

Nothing in this Order prevents the Receiver, in his discretion as an officer of the Court, from communicating or cooperating with law-enforcement or regulatory authorities regarding matters encountered in administering the Receivership Estate that may warrant their attention.

### LIABILITY OF RECEIVER

Until further order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

The Receiver and his agents, acting within scope of such agency, are entitled to rely on all rules of law and orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver, nor shall the Receiver be liable to anyone for any actions taken or omitted by them except upon a finding by this

Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

This Court retains jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

In the event the Receiver desires to resign, the Receiver shall first give written notice to Plaintiffs' counsel of record and the Court of his intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

### FEES, EXPENSES, AND ACCOUNTINGS

The Receiver is entitled to reasonable compensation and expense reimbursement pursuant to 28 U.S.C. § 3103(g) (providing for "Compensation of Receivers" from, among other things, "the party who moved for the appointment of the receiver to pay such compensation in addition to the necessary expenditures incurred by the receiver which remain unpaid"). The Receiver may submit applications for reasonable fees and expenses—along with fees for retained professionals—consistent with 28 U.S.C. § 3103(g).

Receiver may have others assist him in fulfilling his duties. Receiver's compensation is subject in all respects to this Court's approval.

Within forty-five (45) days after the end of each calendar quarter, the Receiver may apply to the Court for compensation and expense reimbursement from the Receivership Estate ("Quarterly Fee Application"). At least seven (7) days prior to filing each Quarterly Fee Application with the Court, the Receiver shall serve upon counsel for Plaintiffs a complete copy of the proposed application, together with all exhibits and relevant billing information.

### MISCELLANEOUS PROVISIONS

Until the Receiver is discharged and this receivership is terminated, the Court retains jurisdiction over this matter to (a) amend, supplement or delete any provision of this order; (b) enforce compliance with or to punish violations of this order; and (c) order any additional actions or remedies as may be appropriate or reasonably necessary.

7

The reversal or modification on appeal of this order shall not affect the validity of any actions taken in good faith by the Receiver, the payment of compensation to which the Receiver is entitled, or the payment of expenses incurred by the Receiver pursuant to this order.

This order shall be immediately effective upon its entry and shall continue until further order of the Court.

**SO ORDERED** on this **21st day of November 2025.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE