IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| POINT BRIDGE CAPITAL, LLC, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Case No. 4:24-cv-00988-P |
| | § | |
| CHARLES JOHNSON, | § | |
| | § | |
| Defendant. | § | |

## RECEIVERS' PRELIMINARY REPORT

Pursuant to the Court's December 5, 2025 Order, ECF No. 149, Adam Farrell and Jeffrey Ansley of Vedder Price P.C., in their capacities as Court appointed receivers, provide this preliminary report regarding whether Defendant Charles Johnson has successfully purged himself of his contempt.

## BACKGROUND

On November 21, 2025, the Court issued an Order appointing Jeffrey Ansley and Adam Farrell ("Receiver(s)") to serve as receivers in this case. ECF No. 144. The Court directed Receivers to, among other actions, "take possession and control of all Receivership Estate property and take reasonable actions to secure, safeguard, insure, and maintain that property." *Id*. at 3.[1]

Separately, on November 20, 2025, the Court found the Defendant to be in civil contempt. ECF No. 142. The Court ordered the United States Marshal to arrest Defendant and place him in

---

[1] Receivers are separately required to provide this Court with a written initial report on or before December 11, 2025, describing their actions and findings as detailed further in the Court's November 21, 2025 Order. ECF No. 144 at 6. This report is limited to the issue identified in the Court's December 5, 2025 Order. ECF No. 149.

the custody of the Johnson County Jail until such a time as he purges himself of his contempt for his repeated failure to engage in post-judgment discovery in good faith. *Id*. at 3.

## DEFENDANT'S COOPERATION

On December 3, 2025, Receiver Adam Farrell, along with Andrew Robbins[2], interviewed Defendant at the Johnson County Jail located at 1800 Ridgemar Dr. in Cleburne, Texas. Over approximately two and a half hours, Receiver and Mr. Robbins questioned Defendant regarding his assets, including real and personal property; bank, brokerage, custodial, and digital-asset accounts; contract rights, receivables, royalties, and income streams; equity, membership, partnership or beneficial interest in any corporation, LLC, partnership, trust, or special-purpose vehicle; and claims or causes of action.

Generally, Defendant cooperated during the interview by answering questions and providing relevant information regarding his assets. This included, for example, identifying trusts, financial institutions, and equity or other ownership interest in certain entities. In many instances, Defendant denied owning certain categories of assets, including any digital assets or cryptocurrency, real property, and other assets. Much of the information provided by Defendant was general and lacked the details needed to facilitate an efficient identification of key assets. In certain instances, however, Defendant provided the names of individuals that he claimed would be able to assist the Receivers obtain the necessary information. The Receivers and Mr. Robbins are in the process of investigating the information and claims made by Defendant, both to determine the validity of that information and what additional steps may be necessary for the Receivers to fulfill their obligations to the Court pursuant to the receivership order.

---

[2] Mr. Robbins is an attorney at Vedder Price, P.C., and is assisting Receivers in the performance of their duties.

## **CONCLUSION**

At this early stage, Receivers are unable to represent to the Court whether Defendant provided an accurate or complete accounting of his assets sufficient to purge his contempt. Receivers intend to take additional steps in the coming days to corroborate the information provided by Defendant, including issuing subpoenas, interviewing witnesses, and other appropriate investigatory actions. While Defendant appeared generally cooperative, there were several instances where he claimed the inability to answer certain questions without access to his computer and that he would be more helpful outside of Johnson County Jail. There were also certain instances where, like before the Court at the November 25, 2025 contempt hearing, Defendant refused to answer questions because his "handler" would not allow it, and warned the Receiver and Mr. Robbins multiple times that it will be very difficult to track down assets.

Dated: December 5, 2025

Respectfully submitted,

/s/ Jeff Ansley
Jeffrey J. Ansley
State Bar No. 00790235
jansley@vedderprice.com
Adam D. Farrell
State Bar No. 24140298
afarrell@vedderprice.com

**VEDDER | PRICE, P.C.**
300 Crescent Court, Suite 400
Dallas, Texas 75201
469.895.4790 (Ansley)

**RECEIVERS**