IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **Point Bridge Capital, LLC,** | § | |
| **Hal Lambert** | § | |
| | § | |
| *Plaintiffs*, | § | |
| v. | § | Case No. 4:24-cv-00988-P |
| | § | |
| **Charles Johnson,** | § | |
| *Defendant.* | § | |

# PLAINTIFFS' RESPONSE TO JOHNSON'S LETTERS (ECF NOS. 147 & 148)

## INTRODUCTION

Plaintiffs Point Bridge Capital and Hal Lambert ("Plaintiffs") respectfully submit this filing in response to the two letters filed by Charles Johnson's father on December 2 and December 4, 2025. *See* ECF Nos. 147, 148. Although Plaintiffs do not wish to burden the Court, the letters purport to describe Johnson's assets and could be interpreted as addressing his post-judgment obligations. Plaintiffs therefore believe it necessary to correct several objectively false statements and to make clear that the letters add no meaningful information beyond the evasive and incomplete testimony Johnson provided before his confinement.

Plaintiffs do not seek to substitute their judgment for that of the Court or the receivers regarding whether Johnson has purged his contempt. Plaintiffs simply note that the letters contain demonstrable inaccuracies, offer almost none of the detail needed to evaluate Johnson's financial position, and do not materially advance the effort to identify assets to satisfy the judgment.

1

# ARGUMENT

**I.     Demonstrably False Statements in the Letters**

    **A.     Othram: The claimed $3 million valuation contradicts Johnson's own attempted sale in September 2025.**

The December 2, 2025 Letter asserts that Johnson's interest in Othram is worth $3 million. *See* ECF No. 147 at 1. In reality, as reflected in prior filings, Johnson attempted to sell all of his Othram shares—including shares he claimed belonged to family members—for approximately $1 million total and for his personal benefit. *See, e.g.*, ECF No. 115 at 4 (detailing Johnson's efforts to sell the Othram stock). That attempted sale was the subject of the Court's review in connection with Johnson's violation of the asset-preservation order. Thus, the attempted sale that Johnson orchestrated contradicts the valuation in the letter by a factor of three, rendering the figure in the letter unreliable.

    **B.     Clearview AI: The claimed $30 million ownership is false because Johnson has owned *zero* Clearview shares since May 2021.**

The letter further asserts that Johnson owns $30 million in Clearview AI stock. He does not. Clearview exercised a buyback of all of Johnson's shares on May 21, 2021. *See* ECF No. 44 at p.12, ¶29, *Johnson v. Clearview AI*, No. 1:23-cv-02441 (S.D.N.Y). Johnson challenged the buyback in that litigation, alleging that he remained the rightful owner. However, he later dismissed all claims with prejudice. Accordingly, Johnson lacks any legal basis to assert ownership of Clearview shares, contrary to the representation in the letter.

    **C.     Cryptocurrency: Johnson's recorded statements are irreconcilable with his claim that he owns no cryptocurrency or digital assets.**

The December 2 Letter states, "I own no crypto currency and have not since 2017." ECF No. 147 at 1. But Johnson's own recorded statements contradict this. In a publicly accessible video—posted on Twitter/X while Johnson was in custody, though filmed shortly before his

November 17, 2025 deposition—Johnson was questioned about earlier statements in which he acknowledged possessing cryptocurrency. He unequivocally stated that he possessed bitcoin, stating in pertinent part as follows:

- "I have a safety deposit box somewhere that has a hard drive on it that has a lot of Bitcoin on it."

- "They [*i.e.* his bitcoin] have never touched the internet . . . they were mined" and thus "impossible to . . . forensically trace."

(Video Timestamp ~23:42-24:40; available at: https://video.twimg.com/amplify_video/1992401160246898688/vid/avc1/1280x720/vLVwjz3Wh6zm4Gm1.mp4, hereinafter "Pre-Deposition Video")).

Johnson also stated in the video that he maintains "banking relationships in many different countries," contradicting the letter's assertion that he holds only two accounts at Woodforest Bank. *Id.* He concluded this portion of the discussion by responding "Good luck" when asked whether Plaintiffs could locate his cryptocurrency or other bank accounts without his cooperation. *Id.* These statements directly conflict with the December 2 letter and further indicate that Johnson continues to conceal material information regarding his digital assets.

## II.     The letters add no information beyond Johnson's deposition testimony, which was itself insufficient.

The letters repeat the same incomplete and non-responsive answers the Court has already deemed insufficient. They do not identify a single asset that was not previously addressed at Johnson's deposition or uncovered independently by Plaintiffs. Nor do they clarify Johnson's holdings, resolve existing inconsistencies, or supply any of the factual information necessary to understand his financial position. In substance, the letters merely provide a conduit for Johnson to restate the same inadequate positions he advanced before, without meaningfully advancing the process of identifying assets available to satisfy the judgment.

Johnson's own recorded statements confirm that the letters do not present a full or candid accounting of his assets. In the same publicly available video discussed above, Johnson made clear that the assets he identified in his deposition—and which are repeated in the letters—are not complete:

- "They're saying they want to know all those assets. And I'm like, fuck off."
- "They're never gonna find most of my stuff."

(Pre-Deposition Video at ~16:31–17:20)

In a separate recording filmed in Fort Worth, Johnson openly stated that he did not intend to reveal all of his assets, declaring: "I believe it's a responsibility for people like me to trick . . . these people to get them to waste their resources." When asked who he meant by "these people," Johnson responded, "I mean Will Thompson, DLA Piper, Hal Lambert." (Video Timestamp, ~35:55-37:11, https://archive.is/0ZKhV)[1]

## CONCLUSION

Overall, the letters provide no new insight into Johnson's finances and do not present a full or accurate picture of his assets.

---

[1] The link is an archived version because the original post is no longer publicly available. The video itself was posted after Johnson was taken into custody. Should the archived link fail to load, Plaintiffs can provide the Court with the relevant clips.

Dated: December 5, 2025            Respectfully submitted,

/s/ *Will Thompson*
Will Thompson
DLA PIPER LLP (US)
Will Thompson
State Bar No. 24094981
will.thompson1@us.dlapiper.com
1900 N. Pearl Street
Dallas, Texas 75201
Telephone: (406) 546-5587

COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 5, 2025, a true and correct copy was served via the Court's electronic filing system.

/s/ *Will Thompson*
Will Thompson