IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Point Bridge Capital, LLC and Hal Lambert, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § | Case No. 4:24-cv-00988-P |
| | § | |
| Charles Johnson, | § § | |
| *Defendant*. | § § | |

## RECEIVERS' NOTICE IN RESPONSE TO PETITION FOR WRIT OF MANDAMUS

Pursuant to the December 30, 2025 letter sent from the Clerk of Court for the United States Court of Appeals for the Fifth Circuit advising that Petitioner Charles Johnson's Petition for Writ of Mandamus ("Petition") has been docketed (ECF No. 160), Jeffrey Ansley and Adam Farrell ("Receiver(s)") of Vedder Price P.C., in their capacity as Court-appointed receivers, provide this notice of matters relevant to Johnson's contempt proceedings, with corresponding docket citations, to facilitate and, at times, supplement the Fifth Circuit's review of the record.

### BACKGROUND

A. **November 20, 2025 Motion and Show Cause Hearing**

On November 14, 2025, Plaintiffs filed a Motion for Appointment of Receiver. ECF No. 131. On November 17, 2025, the district court ordered a response to the Motion by Wednesday, November 19, 2025, at 12:00 p.m. ECF No. 134. On November 18, 2025, the district court ordered a hearing on the Motion and set it for November 20, 2025 at 2:00 p.m. ECF No. 135. The district court also issued a show cause order on November 19, 2025, for Johnson to show cause for his failure to comply in good faith with post-judgment discovery. ECF No. 138.

On November 20, 2025, the district court held Johnson in civil contempt following an evidentiary hearing and after taking testimony from Johnson[1]. ECF No. 142. The district court ordered the United States Marshal to arrest Johnson and place him in the custody of the Johnson County Jail until "such a time as he purged himself of his contempt for his repeated failure to engage in post-judgment discovery in good faith." *Id*. at 3.

On November 21, 2025, the district court issued an Order appointing Jeffrey Ansley and Adam Farrell to serve as receivers in this case. ECF No. 144. The district court directed Receivers to, among other actions, "take possession and control of all Receivership Estate property and take reasonable actions to secure, safeguard, insure, and maintain that property." *Id*. at 3. The Receivers' appointment and formation of the receivership estate were unopposed by Johnson.

## B. Receivers' Preliminary Report

On December 5, 2025, after receiving public correspondence[2] containing allegations regarding Johnson's alleged custody conditions and his claimed attempts to purge his contempt, the district court ordered the Receivers to file a brief preliminary report advising the district court of their position on whether Johnson has purged himself of his contempt. ECF No. 149. That same day, the Receivers filed their Preliminary Report, detailing their observations concerning Johnson's cooperation since their appointment and, *inter alia,* in the course of their December 3, 2025 interview of Johnson at the Johnson County Jail. ECF No. 150.

The Preliminary Report advised the district court that, "[a]t this early stage, Receivers are unable to represent to the Court whether Johnson provided an accurate or complete accounting of

---

[1] An official transcript of the November 20, 2025 hearing was made available on December 12, 2025. ECF No. 156.

[2] The district court received public correspondence from Lawrence Johnson, the father of Charles Johnson, on December 2, 2025, and December 4, 2025. ECF Nos. 147, 148.

his assets sufficient to purge his contempt." *Id.* at 3. Additionally, Receivers reported their intent "to take additional steps in the coming days to corroborate the information provided by Johnson, including issuing subpoenas, interviewing witnesses, and other appropriate investigatory actions." *Id*. Plaintiffs also filed a response to the public correspondence on December 5, 2025, largely disputing the accuracy of the allegations in the correspondence. ECF No. 151.

### C. December 16, 2025 Conference and Hearing

After receiving the Receivers' Preliminary Report (ECF No. 150) and Plaintiffs' Response to the Public Correspondence (ECF No. 151), the district court *sua sponte* ordered a conference and hearing "[i]n an effort to provide Mr. Johnson another opportunity to purge himself of his contempt and to allow him access to a laptop so he can access necessary information." ECF No. 152. Both the conference and hearing were held on December 16, 2025. ECF No. 157. At the pre-hearing conference, Receivers interviewed Johnson on issues related to post-judgment discovery for approximately three hours. At the subsequent hearing, Receivers reported the information they obtained during this court-ordered interview to the district court and parties.[3]

At that hearing, the district court engaged in a colloquy with Johnson regarding his actions since being held in contempt and whether those actions resulted in his purging of his contempt. The district court also gave Johnson the opportunity to answer questions under oath that focused on whether he had purged his contempt since his incarceration. Johnson was examined by the Receivers, Plaintiffs' counsel, and the district court.

Following questioning, the Receivers, at the request of the district court, shared their view that Johnson continued to evade questions regarding his assets. At the conclusion of the hearing, the district court found that Johnson had failed to purge his contempt.

---

[3] An official transcript of the December 16, 2025 hearing was made available on December 29, 2025. ECF No. 158.

## CONCLUSION

Receivers provide this notice to identify relevant actions, much of which was omitted by Petitioner in his Petition, taken by the district court to provide Johnson with the opportunity to purge his contempt by providing the critical information needed to efficiently identify and secure his assets in satisfaction of the civil judgment.

Dated: January 6, 2026

                                        Respectfully submitted,

                                        */s/ Jeff Ansley*
                                        Jeffrey J. Ansley
                                        State Bar No. 00790235
                                        jansley@vedderprice.com
                                        Adam D. Farrell
                                        State Bar No. 24140298
                                        afarrell@vedderprice.com

                                        **VEDDER | PRICE, P.C.**
                                        300 Crescent Court, Suite 400
                                        Dallas, Texas 75201
                                        469.895.4790 (Ansley)

                                        **RECEIVERS FOR DEFENDANT CHARLES JOHNSON AND THE RECEIVERSHIP ESTATE**

## CERTIFICATE OF SERVICE

I certify that on January 6, 2026, all counsel of record who have consented to electronic service were served with a true and correct copy of the foregoing document *via* the Court's CM/ECF system.

                                        By: */s/ Jeff Ansley*
                                               Jeffrey J. Ansley