**Motion to satisfy contempt, seek emergency release, preserve malicious prosecution complaint**

Dear Judge Pittman,

My parents have gone into debt to hire a Texas-based attorney, despite my wishes, so you should be satisfied that I "get a lawyer," though when I am the target of malicious prosecution I don't see how this helps.

He attorney has attempted to get my electronics which are at the Kimpton Hotel. These electronics are not accessible from anyone but me and may well be wiped — I haven't accessed them in 50+ days — so I would need to check my files.

On the life of my daughters, <u>I do not know all of my assets</u> and haven't for many years. Some years ago now I deputized Gator Greenwill to handle my more exotic investments. Efforts to reach him by my attorney and family have been unsuccessful; Plaintiff has Gator's number as well. Indeed Greenwill warned me of an effort by Lambert to seek funding for a lawsuit from Giga Fund (and Musk)'s business partners Steve Oskoui & Luke Nosek against me. "Greenwill" That name should be familiar to you as Mr. Greenwill is mentioned but curiously not named in the RICO complaint where I am the sole member.

I believe I have satisfied your contempt order, as compliance is not possible. I cannot force Mr. Greenwill to reply to anyone and gave his contact to the court receiver more than a month ago. Numerous court holdings have held that civil contempt is for <u>coercion only</u>:

- <u>Shillitani v. U.S.</u> 384 U.S. 364; 370-371 (1966)

   Civil contempt is coercive only; imprisonment must end <u>when the contemnor complies or when compliance becomes impossible</u>

- <u>Gompers v. Bucks</u>

   Contempt sanctions are remedial not punitive.

- <u>Hicks v. Feioch</u>

   If the contemnor lacks the present ability to comply, continued incarceration violates due process.

- <u>United States v. Rylands</u> 460 U.S. 752, 757 (1983)

   A contemnor may purge civil contempt by demonstrating present inability to comply.

[Left margin: I do not have health insurance, have no money (my assets are frozen) and I have been left by my family members who have been paying my credit card balance. Your receiver spent a total of 35 minutes with me before declaring me not credible. I was beaten in jail & until recently none of my mail has gone out.]

[Lower left margin: Access to citations limited due to solitary confinement.]

In re: Bradley, 588 F.3d 254, 263 (5th Circuit)
Civil contempt confinement must end once compliance occurs or coercion no longer operates

I ask that you rule on the paper concerning these rulings & their applicability here. The Jail wakes us up at 3:30 am for any hearing & I am better able to effectively represent myself in writing. I seek emergency release pending a ruling by the 5th Circuit on the appeal. This has been a remarkably strange case, to put it mildly.

Opposing Counsel has used the discovery process to ask questions about my status as a Confidential Human Source to learn about investigations I worked on, including into Quinn Emanuel & DLA Piper client Elon Musk, and involving individuals unknown to me but I understand to be involved in human trafficking and narcotics. He has done that pre-trial, during trial, on the stand and in post-judgment discovery. He has worked to try to get me prosecuted by U.S. Attorneys in Texas and Nebraska, to no success. I believe the intent was to put a target on my back and get me assaulted, which was successful. When I am released I intend to pursue a bar complaint against Opposing Counsel and pursue a malicious prosecution tort against Plaintiff and his backers, whom others have identified. In much the same way that DOGE was a smoke screen enabling Musk to finally defund executive agencies targeting him for wrong doing, I believe the Musk-heavy requests for information were a "smoke screen" for Musk and others to learn about all journalistic and law enforcement investigations into Musk which I helped. (I was a whistleblower about DLA Piper client Tesla and self-driving cars killing people in 2017 and involved in helping the FBI to investigate Musk foundation employee Igor Kurganov.) I should be allowed to pursue these torts from the relative safety of my native Massachusetts or my new home in D.C. where I can get the justice I was denied here. You should release me immediately, purge the contempt and preserve my malicious prosecution tort while the matter is

[Margin notes:]
- This jail has demonstrated it cannot keep me safe & its sheriff was recently indicted.
- Thompson worked both places
- I apologize for my handwriting.
- should my parents have to go into to hire a Texas-based attorney!

Charles Johnson (So: 202503307)
Johnson County Jail
1800 Ridgemar
Cleburne TX 76031



RECEIVED
JAN 13 2026
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Legal Mail:
Office of the Clerk
501 W. Tenth Street
Fort Worth, TX 76102

76102-363799



INMATE MAIL

NORTH TEXAS TX P&DC
DALLAS TX 750
10 JAN 2026 PM 6 L

