Case No: 4:24-CV-988
(Judge Pittman)
Point Bridge Capital v. Johnson

Filing note:
Emergency —
Loss of Liberty

**Emergency Motion to Purge Civil Contempt and Motion for Immediate Release.**

Johnson, appearing pro se, respectfully moves the Court to purge the finding of civil contempt and dissolve contempt order. The legal basis for this motion is that coercive purpose of civil can no longer operate consistent with due process.

~~Johnson respectfully~~

January 8, 2026

Introduction:

Civil contempt is lawful only so long as it remains coercive and the contemnor has the present ability to comply. When compliance has occurred, when the compliance is presently impossible through no fault of the contemnor, or when coercion ceases to be effective, the contempt must end. Shillitani v. U.S. 384 U.S. 364, 370-71 (1966), Gompers v. Bucks Stove & Range Co, 221 U.S. 418, 441-42 (1911)

Request for Relief

Johnson respectfully requests the Court:
A. Find civil contempt has been purged.
B. Dissolve and vacate contempt order.
C. Order immediate release from civil contempt confinement.
D. Alternatively, set an emergency hearing limited to purge and release, and
E. Grant all further relief the Court deems just and equitable.

418, 441-42 (1911)

Legal Basis For Purge and Release

Civil contempt is remedial and must terminate upon compliance or when compliance is presently impossible. Gompers v. Bucks Stove & Range [221, U.S.] Shillitani v. U.S. [384, U.S. 364, 370-71 (1966).

A contemnor may purge by demonstrating present inability to comply. United States v. Rylander 460 U.S. 752, 757 (1983); Hicks v. Feiock, 485 U.S. 624, 633 (1988).

Once coercion fails, continued confinement becomes punitive and violates due process. Int'l Union, UMW v. Bagwell, 512 U.S. 821, 828-829 (1994).

[FILED JAN 21 2026 CLERK, U.S. DISTRICT COURT]

1. ~~United States District Court Northern District~~

Fifth Circuit authority requires termination of civil contempt when its coercive purpose is satisfied or exhausted. In re Bradley, 588 F.3d 254, 263 (5th Circuit 2009); Lamar Fin. Corp v. Adams, 918 F.2d 564, 566-567 (5th Circuit 1990).

Additionally, where the Court has expressed concern regarding capacity, civil contempt cannot continue absent lawful competency procedures, coercive detention must be stayed and release ordered. Shillitani 384 U.S. at 371; Hicks, 485 U.S. at 633

*I have not owned crypto since 2017.*

1. I cannot comply because I never had a Gemini account. I have checked. Opposition is lying.
2. Gator Greenwill handled my exotic investments and is unreachable. Many have tried.
3. Both my ex-wife and girlfriend handle my financial affairs. My ex-wife has the tax returns but has heard from no one. I have not had health insurance since last year due to freezing of assets. I have been homeless since 10/31/2025.
4. Opposition has filed a bad faith lawsuit & is in the words of Opposition funder pursuing "lawfare." This is a malicious prosecution designed not to discover assets but to punish me for truthful things I have written.

*I have not had access to my record in 50 days.*

I declare under penalty of perjury pursuant to 28 USC §1746 that the foregoing is true and correct, so help me god.

Charles Johnson.
Charles Johnson.

Johnson County Jail
1800
Cleburne, TX 76031
Charles Johnson
01202503307

NORTHTEXAS P&DC
DALLAS TX 750
15 JAN 2026 PM 10 L

LEGAL MAIL
Office of the Clerk
501 W. Tenth Street
Fort Worth, TX 76102

INMATE MAIL

RECEIVED
JAN 21 2026

76102-363793