IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Point Bridge Capital, LLC, <br> Hal Lambert <br> <br> *Plaintiffs*, <br> v. <br> <br> Charles Johnson, <br> *Defendant* | § § § § § § § § § § § | Case No. 4:24-cv-00988-P |

## ORDER GRANTING RECEIVERS' MOTION FOR AUTHORITY TO TRANSFER JOHNSON'S UMBRA RELATED SPV INTEREST AND APPLY VALUE TOWARD SATISFACTION OF THE JUDGMENT

Before the Court is Plaintiffs' Motion For Authority to Transfer Johnson's Umbra Related SPV Interest and Apply Value Toward Satisfaction of the Judgment (the "Motion"). Having considered the Motion and the relevant record, the Court finds that the proposed in-kind transfer is commercially reasonable, preserves value, and is in aid of execution of the Final Judgment and **GRANTS** the Motion. Accordingly, it is ORDERED that:

1. The Receiver is authorized to transfer Defendant Charles Johnson's individual limited-partner interest in Point Bridge Capital VC, LP – Umbra (the "Umbra SPV") to Plaintiff Hal Lambert in-kind, at the fair market value of $396,140.

2. To implement the transfer, the Receiver is authorized to:

   a. Execute or deliver any ownership change forms, consent notices, or transfer documents necessary to complete the administrative ownership update on the Umbra SPV's ledger, including *via* Carta Inc. or any other platform used to record ownership;

1

    b. Provide instructions or certifications to the Umbra SPV administrator confirming that Hal Lambert shall be substituted as the registered owner of Charles Johnson's interest; and

    c. Take any and all other actions the Receiver deems reasonably necessary to effectuate and finalize the transfer of the Umbra SPV interest, including signing documents, consents, representations, or transfer agreements on behalf of Charles Johnson or the Receivership Estate, whether or not expressly contemplated herein.

3. The transfer is contingent on the absence of objection within fourteen (14) days from the date of this Order. If no objection is timely filed, the Receiver shall effectuate the transfer and apply the appraised value of the interest toward satisfaction of the July 29, 2025 Final Judgment.

4. Moreover, Defendant Johnson's objection to the Motion is **OVERULED**.

**SO ORDERED** on this the 4th day of January, 2026.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE