**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| POINT BRIDGE CAPITAL, LLC, *et al.,* | § | |
| | § | |
| *Plaintiffs,* | § | |
| v. | § | Case No. 4:24-cv-00988-P |
| | § | |
| CHARLES JOHNSON, | § | |
| | § | |
| *Defendant.* | § | |

**RECEIVERS' MOTION FOR ORDER DIRECTING COMPLIANCE**
**WITH RULE 45 SUBPOENAS**

TO THE HONORABLE MARK T. PITTMAN:

Adam Farrell and Jeff Ansley of Vedder P.C., in their capacities as Court-appointed receivers ("Receiver(s)") for the Receivership Estate of defendant Charles Johnson (the "Defendant" or "Johnson") ("Receivership Estate"), respectfully move the Court, pursuant to its inherent equitable powers and broad authority under Federal Rule of Civil Procedure 45, to direct Gator Greenwill and Metis Capital ("Recipients") to comply with Rule 45 subpoenas served on Recipients and produce responsive documents consistent with the parties' agreements reached during the negotiation process. This is not a motion to compel, but rather a motion seeking an order directing compliance to lawful Rule 45 subpoenas. In support of this motion, the Receivers state as follows:

On February 6, 2026, Receivers served Rule 45 subpoenas on Recipients. Before the subpoenas were issued, Recipients engaged counsel. Recipients have been working with Receivers and have demonstrated a good-faith effort to identify responsive materials. However, certain responsive documents are subject to contractual confidentiality provisions, including non-disclosure agreements, that restrict disclosure absent legal compulsion. Recipients are working in

good faith to expeditiously identify and locate applicable confidentiality agreements to provide notice to impacted contractual counterparties to the extent required under the terms of such agreements.

To minimize Recipients' potential risk of contractual liability and to ensure compliance with the respective Rule 45 subpoenas, the Receivers seek an order directing production of materials responsive to the subpoenas. The subpoenaed materials are necessary to assist Receivers in the execution of their duties to secure, preserve, and recover assets belonging to the Receivership Estate. For the avoidance of doubt, nothing in this motion is intended to compel, nor shall it have the effect of compelling, Recipients to produce any materials to which they have asserted objections in their respective responses and objections to the subpoenas at issue except to the extent that such objections are based solely on the grounds that the materials are subject to third-party confidentiality agreement.

Dated: April 3, 2026

Respectfully submitted,

/s/ Jeff Ansley
Jeffrey J. Ansley
Texas Bar No. 00790235
jansley@vedder.com
Adam D. Farrell
Texas Bar No. 24140298
afarrell@vedder.com

**VEDDER P.C.**
300 Crescent Court, Suite 400
Dallas, Texas 75201
469.895.4790 (Ansley)

**RECEIVERS FOR DEFENDANT CHARLES JOHNSON AND THE RECEIVERSHIP ESTATE**

## CERTIFICATE OF SERVICE

I certify that on April 3, 2026, all counsel of record who have consented to electronic service were served with a true and correct copy of the foregoing document *via* the Court's CM/ECF system.

By: */s/ Jeff Ansley*
Jeffrey J. Ansley